Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:     310-435-7656
Fax:    310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br>DOES 1-2,590,<br><br>　　　　　　　　Defendants. | No. C 11-2766 MEJ<br><br>**EX PARTE APPLICATION FOR AMENDED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY** |

　　　　On August 24, 2011, the Court issued its Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery (Dkt. No. 8.)

　　　　Subpoenas have been served pursuant to that Order.

　　　　We received an objection from a cable company with respect to a particular matter, namely its view that it is obligated under the Cable Communications Policy Act of 1984 to maintain subscriber privacy unless a court order expressly refers to 47 U.S.C. § 551(c)(2)(B). Based on the undersigned's experience, some other cable companies will take the same position notwithstanding that the Court's Order does instruct all ISPs to comply with subpoenas issued pursuant to the Order.

　　　　Here is the text of the objection received from Optimum/Cablevision (a full copy of which is attached hereto as Exhibit P).

　　　　　　"This letter responds to the enclosed subpoena ("Subpoena") requesting subscriber records from Optimum f/k/a Bresnan Communications, LLC, a cable modem service provided by CSC Holdings, LLC via a cable television system. You

have requested subscriber and account information concerning the above-referenced Subpoena. Unfortunately, after reviewing this subpoena and the accompanying order, it appears that Cablevision's compliance is barred by the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) ('The Cable Act').

"In the Subpoena, you seek subscriber information for those individuals associated with certain Optimum IP addresses. However, the Cable Act prohibits the disclosure of a subscriber's personally identifiable information by a cable operator such as Cablevision, absent a court order authorizing such disclosure. While you have provided a court order with your subpoena, nowhere in the order does it direct Cablevision to disclose the information pursuant to 47 U.S.C. § 551(c)(2)(B). Accordingly, until Cablevision is served with an order that clearly mandates such disclosure, it appears that we are prohibited by law from providing you with the requested information."

Rather than bring a motion to compel compliance, Plaintiff believes the better course is to request the Court to amend its Order to expressly refer to 47 U.S.C. § 551(c)(2)(B). Filed herewith is a proposed Amended Order that includes only two changes to the Court's August 24, 2011 Order. They are as follows:

- An introductory paragraph at the beginning of the Amended Order stating,

    "This Order amends and replaces the Order issued by the Court on August 24, 2011 (Dkt. No. 8)."

- A new paragraph numbered 8 at the end of the Order providing,

    "8. IT IS FURTHER ORDERED that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551.  In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

    '(c) Disclosure of personally identifiable information
    ***
    '(2) A cable operator may disclose such information if the disclosure is—
    ***
    '(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . .'

    This Order is an order authorizing such disclosure."

As discussed in the originally-filed Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, Dkt. #5, at pp. 10-11, in the Order provision is made for ISPs to give notice of the order to their subscribers.  See paragraphs numbered 2 and 3 of the Order.

1  In view of the foregoing, Plaintiff requests that the Court grant this Ex Parte Application
2  and issue the Amended Order Granting Plaintiff's Ex Parte Application for Leave to Take
3  Limited Expedited Discovery as submitted herewith.

Respectfully submitted,

Dated:  September 20, 2011

*/s/ Ira M. Siegel*
Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:     310-435-7656
Fax:    310-657-2187
Attorney for Plaintiff Patrick Collins, Inc.

**EXHIBIT P**



**Patrice McCullough, Paralegal | Optimum f/k/a Bresnan Communications & Cablevision Corporate-Legal Subpoena Compliance**
1111 Stewart Avenue | Bethpage, NY 11714
Tel. (516) 803-2977 | Fax 516-513-3052 (Optimum f/k/a Bresnan Communications LLC)

September 16, 2011

*Via Facsimile Only*

Ira Siegel, Esq.
Attorney at Law
433 N Camden Dr Ste. *970*
Beverly Hills, CA 90210

    Re: *Patrick Collins, v. Does 1-2590*

Dear Mr. Siegel:

  This letter responds to the enclosed subpoena ("Subpoena") requesting subscriber records from Optimum f/k/a Bresnan Communications, LLC, a cable modem service provided by CSC Holdings, LLC via a cable television system. You have requested subscriber and account information concerning the above-referenced Subpoena. Unfortunately, after reviewing this subpoena and the accompanying order, it appears that Cablevision's compliance is barred by the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) ("The Cable Act").

  In the Subpoena, you seek subscriber information for those individuals associated with certain Optimum IP addresses. However, the Cable Act prohibits the disclosure of a subscriber's personally identifiable information by a cable operator such as Cablevision, absent a court order authorizing such disclosure. While you have provided a court order with your subpoena, nowhere in the order does it direct Cablevision to disclose the information pursuant to 47 U.S.C. § 551(c)(2)(B). Accordingly, until Cablevision is served with an order that clearly mandates such disclosure, it appears that we are prohibited by law from providing you with the requested information.

  Should you decide to further pursue disclosure of records in this matter, please serve Cablevision with a court order that:

- Contains a detailed description of the subscriber information sought, including the **IP address 123.123.123.123,** *date, time and time zone)*; and

- Directs Cablevision to disclose the subscriber's personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B).

  Additionally, please note that the Cable Act requires Cablevision to provide advance notice of a court order to its subscribers. Accordingly, should you decide to seek a court order, the return date for compliance under the order should allow Cablevision at least five (5) additional business days to serve notice upon the subscriber and to comply with the order.

Exhibit P, Page 1 of 2

Ira Siegel, Esq.
Attorney at Law
Page 2 of 2
September 16, 2011

    Please be advised that Cablevision reserves the right to obtain reimbursement of our reasonable costs ($70.00 per IP, fees subject to change) associated with the production of such records. Further, receipt of your court order does not guarantee the availability of the information you have requested.

    Please contact me at 516-803-2977 if you have any questions regarding the above matter.

                      Sincerely,

                        Patrice McCullough
                        Paralegal

Attachment:
Bresnan/Optimum