UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC., | No. C 11-2766 MEJ |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTIONS TO QUASH** |
| v. | |
| DOES 1-2,590, | **Docket Nos. 13, 14** |
| Defendants. | |

On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

Now before the Court are two Motions to Quash, filed by individual Doe Defendants requesting that the be allowed to contest the subpoena without revealing their personal identifying

1  information.¹ Dkt. Nos. 13, 14. In their motions, the Doe Defendants argue generally that joinder is
2  improper in this case. However, the Court considered the issue of joinder at length in its previous
3  order and found that Plaintiff presented a reasonable basis to argue that the Doe Defendants' actions
4  in this case may fall within the definition of "same transaction, occurrence, or series of transactions
5  or occurrences" for purposes of joinder under Federal Rule of Civil Procedure 20(a). Dkt. No. 12 at
6  6-11. As the present motions present the same generalized arguments addressed in its previous
7  order, the Court finds they are without merit. Further, neither Doe Defendant presents any
8  information which might allow the Court to make a determination as to whether joinder is improper
9  as to him specifically, or whether any other grounds for quashing the subpoena exist against him
10 specifically. Accordingly, the present motions are DENIED.

11  While the Doe Defendants have failed to show that the motions should be quashed based on
12 generalized joinder arguments, they may be meritorious if they present arguments specific to
13 themselves. Thus, denial of the present motions is WITHOUT PREJUDICE. Each Defendant may
14 file a revised motion to quash that presents arguments specific to himself. In so doing, Defendants
15 should be mindful that a general denial of engaging in copyright infringement is not a valid basis for
16 a motion to quash. *MCGIP, LLC v. Does 1-18*, 2011 WL 2181620, at *1 (N.D. Cal. Jun. 02, 2011)

---

¹Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on Doe's motions to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion.

2

(citation omitted). Defendants should also be mindful that, while the Court is sympathetic to valid privacy arguments that may be raised, it is difficult to say that any Doe Defendant "had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *Id.* (citation omitted).

Because the Court does not have contact information to notify the Doe Defendants of the denial or their motions, the Court orders Plaintiff to provide a copy of this order to the relevant ISP(s), with the instruction that the ISP should in turn provide a copy of the order to the Doe Defendants named in this action. Because there is no way to identify the Doe Defendants that filed the present motions, the ISP should provide the order to all 2,590 Defendants. If any ISP that receives a subpoena elects to charge for the costs of providing the order, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

**IT IS SO ORDERED.**

Dated: October 26, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge