JENIFER K. GARDELLA
GARDELLA & GARDELLA
520 Warren Street
Redwood City, CA   94063
(650) 364-7767
Fax No.:  (650) 364-2016
Gardellalaw@mindspring.com
SB #139672

Attorneys for Defendant JOHN DOE 2029

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., | Case No.:   C 11-2766 MEJ |
| Plaintiff, | MOTION AND NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION, AND DECLARATION OF JENIFER K. GARDELLA IN SUPPORT OF MOTION |
| v. | |
| JOHN DOES 1 -2,590, | |
| Defendants. | |
| | Date:    December 8, 2011<br>Time:    10:00 a.m.<br>Judge:   Hon. Maria-Elena James |

TO EACH PARTY AND TO HIS OR HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 8, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Maria-Elena James of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom B, 15th Floor, Defendant JOHN DOE 2029 will, and hereby does, move for an Order quashing the subpoena issued and served on Comcast Cable requiring it to deliver to Plaintiff's agent certain personal information of Defendant.

The motion will be made on the ground that the subpoena fails to comply with the requirements of California Code of Civil Procedure Sections 1985 and 1985.3, and on the additional ground that no good faith affidavit was served.

The motion will be based on this notice of motion, on the Declaration of Jenifer K. Gardella and the memorandum of points and authorities served and filed herewith, on the records and pleadings on file herein, and on such oral and documentary evidence as may be produced at the hearing of the motion.

Dated: October 31, 2011.

        /s/ Jenifer K. Gardella
JENIFER K. GARDELLA
Attorney for Defendant JOHN DOE 2029

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I – STATEMENT OF FACTS

Defendant JOHN DOE 2029 maintains a personal account with the Witness, Comcast Cable. The Witness served a copy of the subpoena on Defendant, without a Affidavit of Good Cause and Notice to Consumer.

### II – THE SUBPOENA FAILS TO COMPLY WITH CCP §§1985 AND 1985.3

C.C.P. §1985(b) requires Plaintiff to serve an affidavit showing good cause for the productions of the records, "setting forth in full detail the materiality thereof to the issues involved in the case, and stating that the witness has the desired matters or things in his or her possession or under his or her control." No good faith affidavit was served on Defendant, and Defendant is informed and believes, and on the basis of such information and belief alleges that no good faith affidavit was served on the witness.

CCP §1985 further requires Plaintiff to serve on Defendant a Notice to Consumer. The records requested by the subpoena at issue here are "personal records" of a "consumer" as those terms are defined by CCP §§1985.3(a)(1) and (2). CCP §§1985.3(b) which requires Plaintiff to serve on Defendant a copy of the subpoena, of the affidavit supporting the issuance of the subpoena, a Notice to Consumer in the form prescribed by CCP §§1985.3(e), and the proof of service showing that the requirements of this section have been met. The good faith affidavit and Notice to Consumer were not served.

Dated: October 31, 2011.

        /s/ Jenifer K. Gardella
JENIFER K. GARDELLA
Attorney for Defendant JOHN DOE 2029

**DECLARATION OF JENIFER K. GARDELLA**
**IN SUPPORT OF MOTION**

I, JENIFER K. GARDELLA, declare:

1. I am an attorney at law, licensed to practice as such by the State of California, and the attorney of record for Defendant JOHN DOE 2029 herein. I have personal knowledge of the matters stated herein and if called as a witness can testify competently thereto.

2. My client delivered to me the envelope received from the witness herein, Comcast Cable, with its contents. The envelope contained a cover page from the witness, a one-page subpoena with proof of service on the witness, an excerpt from the FRCP, one page from Attachment A, and this Court's Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery. There was no Notice to Consumer or Affidavit of Good Faith included in the envelope nor does the cover page refer to any such documents as being included in the mailing. My client denied having removed any material from the envelope or having seen any documents entitled "Notice to Consumer" or "Affidavit of Good Faith."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED ON October 31, 2011 at Redwood City, California.

                                                              /s/ Jenifer K. Gardella
                                                            JENIFER K. GARDELLA