Bobbie Jean Thomas
542 – 24th Street
Civic Center
Richmond, California 94804

IN PRO PER



FILED
2011 NOV -3 P 12: 10
RICHARD W. WIKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Patrick Collins, Inc. | ) | Civil Action No. CV-11-2766-MEJ |
| *Plaintiff* | ) | |
| | ) | MOTION TO QUASH SUPOENA SERVED |
| v. | ) | UPON CUSTODIAN OF RECORDS, COMCAST |
| | ) | CABLE, AND MEMORANDUM OF |
| DOES 1 – 2590 | ) | AUTHORITIES |
| *Defendants* | ) | |

COMES NOW Bobbie Jean Thomas (hereinafter refer to as "DOE No. 2590") and states as follows:

1. Pursuant to Fed. R. Civ. P. 45 ( c )(3)(A), Doe 2590 files this Motion to Quash Subpoena served upon Comcast Cable, Legal Response, because the subpoena requires disclosure of protected information and subjects DOE No. 2590 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE's 2590 to alleged infringing activity.

2. Plaintiff filed suit in the United States District of New Jersey and in the United States District Court for Northern District of California (Civil Action No. CV-11-2766-MEJ) against 2590 unnamed DOE defendants, who are identified in the complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3. Comcast Cast Cable is national internet service provider (ISP) that provides internet service to its customers throughout the United States of America. Plaintiff served a subpoena on Custodian of Records, Comcast Cable Legal Response Center (ISP) to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 2590 so DOE 2590 could be named as a defendant in Plaintiff's copyright infringement action.

4. DOE 2590 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 2590 has personal and proprietary interests. DOE No. 2590 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P.45(c)(3)(B) allows a person affected by, but not subjected to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Northern District of California thus lacks personal jurisdiction over any of the Does at this point. The Northern District of California also lacks personal jurisdiction over any of the DOES.

6. Plaintiff filed an amended ex parte application for "early discovery" (before a Rule 26(f) conference) so that service of subpoenas on ISPs such as Comcast Cable, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint. An amended order was signed on or about September 22, 2011, by Chief United States Magistrate Judge Marie-Elena James of the Northern District of California entered the order permitting service of subpoenas on ISPs. Chief Magistrate James set a schedule for filing motions to quash

either by the ISPs or the DOEs. This Motion to Quash is timely filed as Comcast Cable notified DOE 2590 of the subpoena on September 30, 2011.

7. Plaintiff, Patrick Collins, Inc., complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v DOES 1-1017, No.2:11-CV-02068 (Central District of Illinois) (Judge Harold A. Baker). Judge Baker introduces another instance in which identifying subscribers solely by ISPs may be unreliable. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff sought to extract such information from Comcast Cable) The risk of false identification by ISPs based on internet protocol addresses when Judge Baker describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location

of the subscriber were provided by the ISP in the same fashion as Plaintiff seeks to extract such information from Comcast Cable. After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id.

8. *Boy Racer v. Does 1–52, 5:11-CV-02329-PSG*, Magistrate Judge Paul Singh Grewal During the case management conference in *Boy Racer v Does 1-52*, Brett Gibbs, Plaintiff's Attorney admitted to Magistrate Grewal that an IP address can identify Internet subscribers, "this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case." It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscriber's network." In the last two years, tens of thousands of settlement letters have been sent to Internet subscribers across the country, demanding a few thousand dollars from them to make federal lawsuits go away. This has happen in this case, *Boy Racer v Doe*, in California's Northern District. Magistrate Grewal refused to allow lawyers to investigate the initial set of 52 IP address in a single case; instead, they could investigate just one. After contacting the ISP in question, Gibbs had his subscriber, but a one-hour phone call with a man on August 18 apparently convinced him that the subscriber knew nothing about it. Gibbs went back to court to inform Magistrate Grewal that he needed to search every computer in the home and requested a subpoena to search every computer in the

home. Gibbs' request was to inspect the subscriber's hardware and any systems in the household. Magistrate Grewal responded if we allow this type of discovery in a case that hasn't been severed; we're looking at searching potentially a hundred or thousands of devices without anyone yet being named. Plaintiff cannot identified Defendants by IP addresses and ISPs (Internet subscriber). Knowing the Subscriber does not tell the Plaintiff who illegally downloaded Plaintiff's works as in the *Boy Racer* case, Magistrate Grewal, only allowed Plaintiff to name one Defendant. In *Millennium TGA v Does 1-21 2011- CV02258,* San Francisco, Northern District, Judge Samuel Conti. Plaintiff, Millennium TGA filed for a Request For Leave To Take Early Discovery. Federal Judge Conti denied Millennium's request for the following reasons: Because an ex parte motion only provide one side of every story, courts must examine them with particular rigor Plaintiff's application fails this examination. Plaintiff's tellingly claims that were Court to grant Plaintiff's Application it would "allow Plaintiff to identify additional Defendants." Plaintiffs comes to Court with a list of twenty-one date-stamped IP addresses and asks for an order to subpoena eight ISPs with the hope of broadening its case. This Court does not issue fishing licenses. Plaintiff's Application is Denied. For the foregoing reason, Plaintiff, Millennium, TGA, Inc's Application to take early third-party discovery is Denied.

9. It is clear that ex parte order will produce at best an IP/ ISPs Plaintiff cannot produce a defendant's name. DOE 2590 resides in a three story residential building that serves as a home and a child day care service operating hours 6:00 AM through 6:00PM. DOE 2590 is a disabled female with several In-home care providers. Her daughter runs a day care facility twelve hours per day. DOE 2590 has subdivided various individual sleeping rooms and

common areas. DOE 2590 personal computer and internet service connection was maintained in a common lounge area on the first floor of said building. Any resident in the building had access to said personal computer and had ample opportunity to use DOE No. 2590 IP address, for his/her own purposes, without detection. The likelihood that an individual, other than DOE No. 2590, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 2590 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to an older and disabled woman; a state licensed child care provider; and state licensed in-home care providers from public exposure and association with adult entertainment – even if later disproven – is too great and presents an undue burden to DOE No. 2590 under FED. R. CIV.P.45(c)(3)(A)(iv).

10. This subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States*, 181 F.R.D 224,226 (W.D.N.Y1998)("the reach of a subpoena issued pursuant to [FED.R.CIV.P.45] is subject to the general relevancy standard applicable to discovery under {FED.R.CIV.P.26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. The infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of relevance to the claim – which it does not – discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C )(iii). Plaintiff 's request fails that balancing test.

11. For the foregoing reasons, DOE 2590 requests this Court to quash this subpoena served on DOE 2590 in this matter.

Dated: 10/31/11

Respectfully submitted,

Bobbie Jean Thomas

## CERTIFICATE OF SERVICE

This is to certify that a true, correct, and complete copy of the foregoing

**Motion To Quash Subpoena** was served on October 31, 2011 via First Class Mail, postage pre-paid

addressed to Plaintiff's Counsel of Record as follows:

>Ira M. Siegel
>433 N. Camden Drive, Suite 970
>Beverly Hills, California 90210

Faxed to Comcast Cable (866) 947-5587

## CERTIFICATE OF SERVICE

This is to certify that a true, correct, and complete copy of the foregoing

**Motion To Quash Subpoena** was served on October 31, 2011 via First Class Mail, postage pre-paid

addressed to Plaintiff's Counsel of Record as follows:

>Ira M. Siegel
>433 N. Camden Drive, Suite 970
>Beverly Hills, California 90210

Faxed to Comcast Cable (866) 947-5587