Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:    310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br> v. <br><br> DOES 1-2,590, <br><br> Defendants. | No. C 11-2766 MEJ <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE DOE 654 (IP ADDRESS 24.215.237.108)** |

**I   WITHOUT DOE 654'S ACTUAL IDENTIFYING INFORMATION, WE ARE STILL IN A PRELIMINARY STAGE OF LITIGATION, WHEREIN CONSIDERATION OF ISSUES SUCH AS PERSONAL JURISDICTION AND VENUE ARE PREMATURE**

The Court is very familiar with the facts and issues in this case, so Plaintiff will endeavor to keep repetition of previous discussions to a minimum.

In the Court's Order of November 3, 2011 (Dkt. No. 21), the Court set forth the following:

> "Now before the Court is a Motion to Dismiss, filed by a Doe Defendant (I.P. Address 24.215.237.108). Dkt. No. 20. In his motion, Doe requests that the subpoena be quashed as to him and the case against him dismissed because the Court lacks jurisdiction and venue is improper. Based on the information presented in Doe's motion, it appears that the Court lacks jurisdiction. Accordingly, the Court hereby ORDERS Plaintiff to either: (1) file a voluntary dismissal of Doe Defendant at I.P. Address 24.215.237.108, without prejudice to filing a complaint against him/her in the proper jurisdiction; or (2) show cause why the Court should not grant Doe's motion to dismiss. Plaintiff shall file its response by November 14, 2011."

In response, Plaintiff notes that the first option may not be available to Plaintiff. That is because **what we have here is a potential defendant continuing to act anonymously**. Because any new suit would require starting from scratch with a new ex parte application for early discovery, with the concomitant delays in having another court consider the application, the ISP then having to be served with a subpoena, and then search its records. As noted in par. 18 of the Declaration of Jon Nicolini (Dkt. No. 5-1),

> "An ISP generally records the times and dates that it assigns each IP address to a subscriber and maintains for a period of time a record of such an assignment to a subscriber in logs maintained by the ISP."

By the time that the steps required by a new suit and subpoena process occur, the ISP may no longer have the required information, or the subscriber may have moved with no forwarding address. So, denying Plaintiff the opportunity to obtain the requested information from the ISP (which a dismissal would effectively do), may also deny Plaintiff the opportunity to obtain redress from an infringer.

As this Court noted in its Order granting the discovery requested by Plaintiff (Dkt. No. 12) (emphasis added),

"Here, Plaintiff is currently obtaining identifying information from ISPs so that they can properly name and serve the defendants. If the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its copyright from illegal file-sharers and this would only needlessly delay the case. Plaintiff would be forced to file 2,590 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each defendant's identifying information. Plaintiff would additionally be forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights. 'This would certainly not be in the 'interests of convenience and judicial economy,' or 'secure a just, speedy, and inexpensive determination of the action.' *Call of the Wild*, 770 F. Supp. 2d at 334 (citation omitted) (declining to sever defendants where parties joined promotes more efficient case management and discovery and no party prejudiced by joinder).

"Further, the Doe Defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to Plaintiff's allegations or assert a defense. **The defendants may be able to demonstrate prejudice once Plaintiff proceeds with its case against them, but they cannot demonstrate any harm that is occurring to them before that time.** *Id.*

"Thus, the Court finds that, at this preliminary stage, Plaintiff has met the requirements of permissive joinder under Rule 20(a)(2). The putative defendants are not prejudiced but likely benefitted by joinder, and severance would debilitate Plaintiff's efforts to protect its copyrighted material and seek redress from the Doe Defendants who have allegedly engaged in infringing activity."

With respect to Doe 654 (IP address 24.215.237.108), we still are in the preliminary stage, and we will not be out of it until Doe 654's actual name, address and other requested identifying information are provided to Plaintiff by the ISP.

II.   PLAINTIFF OBJECTS TO CONSIDERATION OF ANY MOTION
      <u>FILED BY OR ON BEHALF OF AN ANONYMOUS PARTY</u>

A person has anonymously filed a motion to quash, as to him, her or it, a subpoena that has been served on an Internet service provider.  The bases of the motion are the movant's purported right of privacy and this Court's purported lack of jurisdiction over the movant.

Movant purports to be the potential defendant listed in Exhibit A to the Complaint as having IP address 24.215.237.108 (hereinafter sometimes referred to as Doe 654).

As far as Plaintiff's counsel knows, putative defendant Doe 654 provided no identification of any kind to the Court.  In other words, with all of pleadings and papers in this caseavailable on, among other websites, PACER, **putative defendant Doe 654 may be a "stealth" movant, a mere interloper.**

Further, **because no identifiable person has signed any declaration, this Court has no reason whatsoever to believe any of the purported facts set forth in connection with Doe 654's motion**.

Further, even if putative Doe 654 made statements in an actual declaration under penalty of perjury, this Court should not put any credence in them at this stage of the litigation, when Plaintiff has had no opportunity to test, through discovery, their truthfulness. In this regard, the Court is asked to take notice that we have just experienced a week of a member of Congress making untrue statements and partial answers all in the name of protecting his reputation and privacy and preventing embarrassment. This Congressman falsely claimed several times that a particular a message was sent by a hacker and not by himself, even though in making such false claim he effectively impugned the security measures against hacking by Twitter and other Internet services. The Congressman did not become forthright until additional information was discovered. See the story here, e.g.,

http://www.businessweek.com/news/2011-06-07/weiner-apologizes-for-photos-that-imperil-his-political-future.html

To reduce the risk that an interloper may be involved, Doe 654 should have at the very least provided his identity to both the Court and Plaintiff's counsel. As ordered by United States District Judge William Alsup in <u>New Sensations, Inc. v. Does 1-1745</u>, Northern District of California Case No. CV 10-05863 WHA (N.D. Cal. June 23, 1911) (Doc. #28) (Emphasis added.):

> "If 'Defendant Doe #333' [Doe 733] wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so. **At a minimum, the Court and the parties must be informed of the litigant's identity.** If the litigant wishes to protect his or her identity from the public, the litigant may use a pseudonym in public filings only after receiving permission for good cause shown. Counsel are advised that the Ninth Circuit court of appeals allows the use of pseudonyms only in the most unusual cases. See, e.g., *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)."

In <u>Does I thru XXIII v. Advanced Textile Corp</u>., 214 F.3d 1058, 1067-9 (9th Cir. 2000), the court held as follows:

> "In this circuit, we allow parties to use pseudonyms in the 'unusual case ' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment. ' United States v.

Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981) ('Doe II') (using pseudonyms in opinion because appellant, a prison inmate, 'faced a serious risk of bodily harm' if his role as a government witness were disclosed); see also Madison School Dist., 147 F.3d at 834 n.1 (stating that plaintiff filed case as 'Jane Doe' because she feared retaliation by the community). We have not, however, decided an appeal from a district court's order granting or denying permission to proceed anonymously. As a result, we have had no opportunity to set out the legal standard governing a district court's discretionary decision to permit a party to proceed anonymously.

"Four federal Courts of Appeals have heard appeals from a district court's order refusing to allow plaintiffs to use pseudonyms. These courts held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998); James, 6 F.3d at 238 (Fourth Circuit); Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992); Stegall, 653 F.2d at 186 (Fifth Circuit). Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, see Stegall, 653 F.2d at 186; Gomez v. Buckeye Sugars, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' James, 6 F.3d at 238; see also Doe v. United Services Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution,' Stegall, 653 F.2d at 185; see also Doe v. Commonwealth's Attorney for City of Richmond, 403 F. Supp. 1199 (E.D. Va. 1975), judgment aff'd by 425 U.S. 985 (1976).

"We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, see Southern Methodist Univ., 599 F.2d at 713; (2) the reasonableness of the anonymous party's fears, see Stegall, 653 F.2d at 186; and (3) the anonymous party's vulnerability to such retaliation, see id. (discussing vulnerability of child plaintiffs); Doe II, 655 F.2d at 922 n.1 (recognizing enhanced risks to long-term prison inmate). The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. See James, 6 F.3d at 240-41 (evaluating defendants' assertions that plaintiffs' use of pseudonyms would prejudice the jury against the defendants and would impair defendant's ability to impeach plaintiffs' credibility). Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. See Stegall, 653 F.2d at 185 (recognizing that 'party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.').

"We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses. In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial

proceedings, see Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit.

In that case the court allowed the **plaintiffs** to proceed anonymously during a preliminary stage of the litigation when those plaintiffs faced fear of retaliation in the form of physical violence from parties not before the court.

In <u>Does I thru XXIII v. Advanced Textile Corp</u>. the case could actually proceed, at least through early stages, with plaintiff's pseudonymously named.  Here, of course, the situation is reversed.  In the instant case, without defendant's name, address and other identifying information, the case cannot go forward at all.  In other words, any need putative Doe 654 might have for anonymity does not outweigh the prejudice to Plaintiff.  What harm does potential defendant Doe 654 face?  The potential for being named in a lawsuit?  That is no different from any other person.  The risk of actually being found to be liable?  Again, that is not different from any other person.  The embarrassment of actually being accused of copyright infringement? That certainly is not the type of embarrassment from which any party is entitled to be protected. The embarrassment of being named as someone who downloaded a adult motion picture.  Again, that is not the type of embarrassment from which any party is entitled to be protected, or else no adult motion picture producer could enforce its copyrights.  Note, in the cases in which a party is allowed to proceed pseudonymously or anonymously to avoid embarrassment, that party is typically a plaintiff.  And see, <u>Doe v. Blue Cross & Blue Shield United of Wisconsin</u>, 112 F.3d 869, 872 (7th Cir. 1997) in which a plaintiff was not allowed to proceed anonymously even though the actual name of "John Doe" and that his case involved his suffering from a psychiatric disorder would be disclosed.  Surely, the fact that someone is accused of copyright infringement, or that the infringed work contains adult content, is not as private or embarrassing a situation as someone's medical condition.

And, putative Doe 654's identity is NOT subject to any right of privacy.  As held in <u>Third Degree Films, Inc. v. Doe</u>, 2011 U.S. Dist. LEXIS 116205, 9-10 (N.D. Ind. Oct. 6, 2011)

> "A subpoena may have a broad reach and compel disclosure of things commonly accepted as privileged, such as documents subject to the journalistic or doctor-patient confidentiality. *First Time Videos*, 2011 U.S. Dist. LEXIS 89044, 2011 WL 3498227 at *4. An internet subscriber's expectation of privacy falls far below this level. 'Internet subscribers do not have a reasonable expectation of privacy in their subscriber information — including name, address, phone number, and email address — as they have already conveyed such information to their ISPs.' Internet subscribers share their information to set up their internet accounts and cannot proceed to assert a privacy interest over the same information they chose to disclose. *First Time Videos*, 2011 U.S. Dist. LEXIS 89044, 2011 WL 3498227 at *4."

What putative Doe 654 really wants is to have this Court prevent Plaintiff from ever finding out his (or her or its) identity, even if putative defendant Doe 654 really is that Doe defendant, and to thereby deny Plaintiff the opportunity to obtain justice. **The irony here is enormous: putative defendant Doe 654 wants this Court to keep his, her or its identity secret so that he cannot be sued - in other words, so that he, she or it can keep on infringing Plaintiff's copyright with impunity.**

III. IN VIEW OF THE DEARTH OF INFORMATION AVAILABLE, IT WOULD BE IMPROPER FOR THE COURT TO DISMISS FOR <u>LACK OF JURISDICTION OR FOR IMPROPER VENUE</u>

As indicated above, there is no basis for giving any credence to an statement by an anonymous person. If we were to start granting credence to such statements, the court system would be nothing but a publishing house for fiction. Above, mention was made of a Congressman who lied to protect himself. Other Congress members have apparently falsely denied wrongdoing. See,

http://www.nola.com/news/index.ssf/2009/08/william_jefferson_verdict_guil.html

http://articles.cnn.com/2002-04-11/justice/traficant.trial_1_traficant-guilty-verdict-bribery?_s=PM:LAW

If cases were allowed to be prosecuted against such Congress members despite their denials, it is totally inappropriate to consider dismissing this case against putative Doe 654 for lack of jurisdiction based on a completely unsubstantiated, and as yet unchallenged because of its anonymity, statements that putative Doe 654 does not have sufficient contact with California for general jurisdiction.

In other words, Plaintiff at the very least should be able to make its own investigation about putative Doe 654's contacts with California, and even to take jurisdictional discovery if necessary.  Of course, all of that is impossible without the information sought from the ISP.

Further, a plaintiff has the right to sue a defendant in at least any court in which such plaintiff has a good faith belief that jurisdiction is proper.  Through the BitTorrent peer-to-peer network in which the Doe Defendants participated, out-of-California potential defendants have copied from and made available infringing copies of the motion picture to other potential defendants that are in the forum district .  In other words, potential defendants have participated in infringements in the forum district.

With copyright infringement involving cooperation with many potential defendants in this the Northern District of California (Nicolini Decl., pars. 6 and 23), or having a direct effect on Plaintiff in California, this Court may exercise personal jurisdiction over out-of-state defendants under the effects test set out in <u>Calder v. Jones</u>, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984). As explained by U.S. District Judge Patel in <u>IO Group, Inc. v. Pivotal</u>, No. C 03-5286 MHP, 2004 U.S. Dist. LEXIS 6673, 2004 WL 838164, *6 (N.D. Cal. Apr. 19, 2004),

> "Finally, this court may also exercise specific jurisdiction over defendants under the *Calder* effects test. See *Panavision v. Int'l, LP v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (citing Calder v. Jones, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984)). [*17] Under Calder, personal jurisdiction can be based upon '(1) intentional actions, (2) expressly aimed at the forum state, (3) causing harm, the brunt of which is suffered--and which the defendant knows would likely be suffered--in the forum state.' *Id.* (citing *Core-Vent Corp. v. Nobel Ind. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)). Copyright infringement may be characterized as an intentional tort. See *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), overruled on other grounds by *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 140 L. Ed. 2d 438, 118 S. Ct. 1279 (1998); . . . .
>
> "* * * IO Group also alleges that all of the studios in the gay adult entertainment industry are located in California. Webb Decl. P21. As a result, defendants knew that the brunt of the harm resulting from their infringement would likely be felt in California. Based on this evidence, IO Group has adequately demonstrated that defendants published images belonging to a California company, affecting an industry primarily centered in California, knowing that harm would likely be felt in that state. Construing these facts in a light most favorable to the plaintiff, IO Group has made a prima facie case that defendants are subject to the personal jurisdiction of this court under *Calder*."

1   "Thanks to, among other reports, a CBS "60 Minutes" report, Americans have long

2   known that California is the center of adult motion picture production. See,

3   http://www.cbsnews.com/stories/2003/11/21/60minutes/main585049.shtml

4   In this regard, see, <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 647 F.3d 1218, 1231-1232

5   (9th Cir. Cal. 2011)

> "We acknowledge the burden that our conclusion may impose on some popular commercial websites. But we note that the alternative proposed by Brand's counsel at oral argument — that Mavrix can sue Brand only in Ohio or Florida — would substantially undermine the  'interests . . . of the plaintiff in proceeding with the cause in the plaintiff's forum of choice. ' Kulko v. Superior Court of Cal., 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978). Brand's theory of jurisdiction would allow corporations whose websites exploit a national market to defeat jurisdiction in states where those websites generate substantial profits from local consumers. See Burger King, 471 U.S. at 473-74 ('[W]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having  to account in other States for consequences that arise predictably from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed. ' (quoting Kulko, 436 U.S. at 96)). We also note that the  'expressly aimed ' requirement is a necessary but not sufficient condition for jurisdiction. In order to establish specific jurisdiction, a plaintiff must also show that jurisdictionally significant harm was suffered in the forum state.
>     "We therefore turn to the question of harm, the third element of the Calder effects test. We conclude that Brand has  'caus[ed] harm that [it] knows is likely to be suffered in the forum state. ' In determining the situs of a corporation's injury,  '[o]ur precedents recognize that in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business. ' Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1113 (9th Cir. 2002).  '[J]urisdictionally sufficient harm may be suffered in multiple forums. ' Id. (citing Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993)). Mavrix alleges  that, by republishing the photos of Ferguson and Duhamel, Brand interfered with Mavrix's exclusive ownership of the photos and destroyed their market value.  The economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable. See Brayton Purcell, 606 F.3d at 1131. It was foreseeable that this economic loss would be inflicted not only in Florida, Mavrix's principal place of business, but also in California. A substantial part of the photos' value was based on the fact that a significant number of Californians would have bought publications such as People and Us Weekly in order to see the photos. Because Brand's actions destroyed this California-based value, a jurisdictionally significant amount of Mavrix's economic harm took place in California.
>     "In sum, we conclude that Mavrix has presented a prima facie case of purposeful direction by Brand sufficient to survive a motion to dismiss for lack of personal jurisdiction."

All defendants in this case have reason to believe (i) that they are cooperating with

Californians when they join BitTorrent swarms, which are not passive (i.e., the defendants

1  intentionally join the swarm) because one out of every 10 Americans is a Californian and (ii) that
2  they are injuring a California party.  Further, in this very case, 1 out of every 16 defendants is
3  believed to be in this very district.   Nicolini Decl., par. 23.
4      At this stage of the litigation, there is no reason to believe that general, and in particular,
5  specific jurisdiction over an anonymous defendant is improper.
6  IV.    CONCLUSION
7      Purported defendant Doe 654 wants this Court to deny Plaintiff the opportunity to make
8  its case, to deny Plaintiff's right to seek justice and compensation as expressly provided in the
9  Constitution and the Copyright Act.  Of course, almost all people infringing the rights of others
10 seek to maintain their privacy, and thus even bank robbers who engage in their acts in some of
11 the most public places often wear masks to protect their privacy.  In contrast to the hindrances
12 put up by movant, copyright owners such as Plaintiff need the Court's assistance in pursuing
13 defendants that engage in mass, swarm infringements.  Further, as the Court has already noted,
14 having the ISPs provide the requested information promotes litigation efficiency and does not
15 prejudice defendants.  As noted before, without the requested identifying information, Plaintiff
16 may be completely denied redress.
17     For the reasons set forth above, Plaintiff requests that the Court (i) no longer entertain
18 motions by or on behalf of anonymous or pseudonymous putative defendants (who might even
19 be "stealth" interlopers), and (ii) deny the motion made by the putative defendant having IP
20 address 24.215.237.108 (i.e., putative Doe 654).

Respectfully submitted,

Dated:  November 14, 2011

*Ira M. Siegel*

Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:    310-657-2187
Attorney for Plaintiff Patrick Collins, Inc.