UNITED STATES DISTRICT COURT FILED
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division
2011 NOV 14 P 3:10
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., | |
| Plaintiff, | Civil Action No.: 3:11-cv-02766-MEJ |
| vs. | |
| DOES 1-2,590, | |
| Defendants. | |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

### *Introduction*

The undersigned, pro se, moves before the Court, pursuant to Fed. R. Civ.P.45(c)(3), and limits appearance for the purposes of contesting jurisdiction and proper venue, for an Order dismissing Plaintiff's Complaint, or in the alternative, for an Order Quashing the Subpoena served on CSC Holdings, LLC ("Cablevision"), the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information regarding IP address 68.192.118.56.

The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named ISP and has standing to file this Motion pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction and undue burden of travel. Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

## *The Court Lacks Personal Jurisdiction over the Defendant*

When faced with litigation, a crucial question any defendant must ask is whether he or she is subject to the forum Court's jurisdiction. In addition to a Court having subject-matter jurisdiction over a claim, a Court must also have personal jurisdiction over the parties. If a Court lacks personal jurisdiction, there is no power to adjudicate an action against a defendant.

Plaintiff bears the burden of demonstrating personal jurisdiction. RAR. Inc. v. Turner Diesel. Ltd., 107 F.3d 1272, 1276 ($7^{th}$Cir. 1997). This requirement "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corn, v. Woodson, 444 U.S. 286, 297 (1980). In the instant matter, Plaintiff has failed to meet said burden. Plaintiff is fully aware of this Court's lack of personal jurisdiction of the undersigned, and is simply using this Court to obtain information to subject the undersigned to this jurisdiction. Plaintiff is also aware that IP addresses may be located geographically to determine the proper jurisdiction, without such John Doe discovery. See e.g., 16 Alb.L.J.Sci.& Tech. 343, 356 (discussing IP geolocation technologies). See also Universal City Studios Productions LLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiffs memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

Furthermore, the "minimum contacts" test is used to assess a Defendant's link within a jurisdiction, in order to determine whether an obligation exists for said Defendant to defend an action in a jurisdiction in which he/she does not reside. Federal matters with personal

jurisdiction analysis under internet activity have repeatedly been dismissed for want of personal jurisdiction; unless a contractual relationship exists with a party located within the state to establish sufficient "minimum contacts, and no such relationship has been plead by the Plaintiff with regards to John Doe, IP address 68.192.118.56. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corn v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC. 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell, Inc. v. Cybersell. Inc., 130 F, 3d 414, 419-420 (9th Cir.1997). The fact that a private individual uploads movies or statements on a file- sharing website which may then be downloaded in the District was insufficient to confer personal jurisdiction. GTE New Media Services Inc. v. BellSouth Con, 199 F.3d 1343 (D.C. Cir. 2000). In addition, when asserting jurisdiction over a Defendant, the Due Process Clause must be stressed to ensure fairness, but also the "orderly administration of the laws." See International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Allowing Plaintiff to proceed with their Complaint against the undersigned violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. Id.

With regards to the instant matter, the undersigned does not reside within the state or district in which the subject matter was filed and does not have a contractual relationship with a party located within said state or district, and as a result, the Court should dismiss the John Doe Defendant, IP address: 68.192.118.56, from this case for lack of personal jurisdiction. See attached Certification of John Doe, IP address: 68.192.118.56.

The undersigned also contests the personal jurisdiction of this Court over the ISP on which the subpoena was served and demands strict proof thereof.

### *Venue is Improper*

Venue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a), which states that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Nu Image, Inc.v Does 1-23,322, District of Columbia 11-cv-2021 (7/29/2011).

In the instant matter, the John Doe Defendant does not reside in the District and as a result, the Court should dismiss the John Doe Defendant, IP address: 68.192.118.56, from this case.

### *Conclusion*

Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack personal jurisdiction. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). See also U.S. Const. amend. XIV. Allowing Plaintiff to proceed with said complaint against the defendant violates due process, as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE, the undersigned Defendant prays this Court dismiss the Plaintiff's Complaint as it pertains to the undersigned for lack of personal jurisdiction and improper venue.

Respectfully submitted,

*John Doe*

John Doe
Pro Se Defendant, IP address: 68.192.118.56

Dated: 11/10/11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-2,590, <br><br> Defendants. | Civil Action No.: 3:11-cv-02766-MEJ <br><br> **CERTIFICATION OF JOHN DOE** <br> **IP ADDRESS: 68.192.118.56** |

I, John Doe Defendant, IP address: 68.192.118.56 (hereafter "Defendant"), am making and filing this certification in support of disputing jurisdiction in the above matter.

1. Defendant has had no contact and has not engaged in business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Defendant does not reside within the state or district in which the above matter was filed, and instead resides in New Jersey.

3. Defendant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Defendant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Defendant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6.      Defendant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7.      Defendant has taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

*John Doe*

John Doe
Pro Se Defendant, IP address: 68.192.118.56

Dated: 11/10/11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC., Plaintiff, vs. DOES 1-2,590, Defendants. | Civil Action No.: 3:11-cv-02766-MEJ |

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an Order quashing the subpoena served on CSC Holdings, LLC ("Cablevision"), the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this Motion to Quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue burden of travel. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled ease, a placeholder name used when a Defendant's true identity is unknown. See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3.   Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the Defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga, 2008).

4.   After amending the Plaintiff's Complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the Northern District of California, without transacting any business in said district, and without any other sufficient minimum contacts. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5.   Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348- 49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development. LLC, 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell. Inc. V. Cybersell. Inc., 130 F.3d 414, 419-420 (9th dr. 1997).

6.   Plaintiff is fully aware of this Court's lack of personal jurisdiction of the undersigned, and is simply using this Court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g.16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geolocation technologies). See also Universal City Studios

Productions LLP v. Franklin, 2006 U.S. Dist, Ct. Motions 748729, 9, n4 (N.D. Ind., Sept. 26, 2006) (plaintiffs memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the ease, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays that this Court Quash the Subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the Local Rules.

The undersigned would respectfully request an Order protecting his identity in the form of "The subpoena seeking information regarding John Doe #XXXX (identity protected), is hereby quashed."

Respectfully submitted,

*John Doe*

John Doe
Pro Se Defendant, IP address: 68.192.118.56

## CERTIFICATION OF SERVICE

I hereby certify that on November 10, 2011, I served a copy of the foregoing documents

via Regular Mail upon:

Clerk, United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Ira M. Siegel, Esq.
Law Offices of Ira M.Siegel
433 N. Camden Drive, Suite 970
Beverly Hills, CA 90210-4426

Cablevision Systems Corporation
1111 Stewart Avenue
Bethpage, NY 11714-3581