UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>                Plaintiff,<br><br>  v.<br><br>DOES 1-2,590,<br><br>                Defendants.<br>_____/ | No. C 11-2766 MEJ<br><br>**ORDER DENYING MOTION TO DISMISS DOE DEFENDANT #654 (IP ADDRESS 24.215.237.108)**<br><br>**Docket No. 20** |

      On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

      Now before the Court is a Motion to Dismiss, filed by Doe Defendant #654 (I.P. Address 24.215.237.108). Dkt. No. 20. In his motion, Doe requests that the subpoena be quashed as to him

1 and the case against him dismissed because the Court lacks jurisdiction and venue is improper.

2 Pursuant to Rule 45(c)(3), if the subpoena would cause undue burden to Defendant, it must
3 be quashed. The subpoena, however, does not require any obligation from Defendant; rather, it was
4 directed at the putative defendants' ISPs. As such, there is no undue burden.

5 Further, any motion to dismiss based on jurisdictional grounds is premature. *See, e.g., New*
6 *Sensations, Inc. v. Does 1-1,745*, 2011 WL 2837610, at *1 (N.D. Cal. Jul. 18, 2011); *Call of the*
7 *Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage*
8 *Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). Rule
9 12(b)(2) permits defendants to move to dismiss for lack of personal jurisdiction. Although the Doe
10 Defendant moves the Court to dismiss the action against him for lack of personal jurisdiction, he is
11 not yet a defendant. If and when Plaintiff names him as a defendant, he will be able to raise this
12 defense. Once Plaintiff amasses enough evidence and names the Does, it will then have the burden
13 to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky &*
14 *Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, the
15 Doe Defendant may present his affidavit asserting that he has never engaged in business with
16 Plaintiff and that his activities with the forum state do not meet the requisite minimum contacts to
17 establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full
18 record. At this time, however, without any named defendants, the motion is not yet ripe. The
19 motion is DENIED WITHOUT PREJUDICE and may be brought again once Plaintiff names the
20 Doe Defendant as a defendant or when the Doe Defendant has identified himself.

21 **IT IS SO ORDERED.**

23 Dated: November 14, 2011

24 _____
Maria-Elena James
Chief United States Magistrate Judge

2