UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC., | No. C 11-2766 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH (DOE DEFENDANT NO. 1581)** |
| v. | |
| DOES 1-2,590, | **Docket Nos. 24, 28** |
| Defendants. | |

On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

Now before the Court is a Motion to Quash/Dismiss, filed by Doe Defendant No. 1581. Dkt. Nos. 24, 28. In the motion, Doe Defendant provides the following reasons: (1) Doe does not reside

in the Northern District of California; (2) Doe is a medical practice in Ohio; (3) the IP address in question is no longer associated with Doe's internet account; (4) Doe's practice does not do business outside of Ohio and Pennsylvania; and (5) Doe does not engage in any conduct whatsoever directed toward this forum.

Pursuant to Rule 45(c)(3), if the subpoena would cause undue burden to Defendant, it must be quashed. The subpoena, however, does not require any obligation from Defendant; rather, it was directed at the putative defendants' ISPs. As such, there is no undue burden.

Further, any motion to dismiss based on jurisdictional grounds is premature. *See, e.g., New Sensations, Inc. v. Does 1-1,745*, 2011 WL 2837610, at *1 (N.D. Cal. Jul. 18, 2011); *Call of the Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). Rule 12(b)(2) permits defendants to move to dismiss for lack of personal jurisdiction. Although the Doe Defendant moves the Court to dismiss the action against him for lack of personal jurisdiction, he is not yet a defendant. If and when Plaintiff names him as a defendant, he will be able to raise this defense. Once Plaintiff amasses enough evidence and names the Does, it will then have the burden to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, the Doe Defendant may present his affidavit asserting that he has never engaged in business with Plaintiff and that his activities with the forum state do not meet the requisite minimum contacts to establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full record. At this time, however, without any named defendants, the motion is not yet ripe. The motion is **DENIED WITHOUT PREJUDICE** and may be brought again once Plaintiff names the Doe Defendant as a defendant or when the Doe Defendant has identified himself.

**IT IS SO ORDERED.**

Dated: November 15, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2