Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:   310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>       Plaintiff,<br> v.<br>DOES 1-2,590,<br><br>       Defendants. | No. C 11-2766 MEJ<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 23) RE PUTATIVE DOE 2590**<br><br>Date and Time: Not Set<br>Courtroom:   Courtroom B - 15th Floor<br><br>Judge:     Maria-Elena James<br>        Chief Magistrate Judge |

**I    THE MOTION OF PURPORTED DOE 2590 SHOULD BE STRICKEN AND/OR DENIED FOR SEVERAL REASONS, INCLUDING THE FACT THAT <u>WITHOUT THE IDENTIFYING INFORMATION ACTUALLY PROVIDED BY THE ISP, WE ARE STILL IN A PRELIMINARY STAGE OF LITIGATION</u>, WHEREIN CONSIDERATION OF ANDY OF THE ISSUES SUCH AS PERSONAL JURISDICTION AND VENUE ARE PREMATURE**

The Court is very familiar with the facts and issues in this case, so Plaintiff will endeavor to keep repetition of previous discussions to a minimum.

In the Court's Order of November 7, 2011 (Dkt. No. 23), the Court set forth the following:

> "Now before the Court is a Motion to Quash, filed by Doe Defendant No. 2590. Dkt. No. 22. The Court hereby ORDERS Plaintiff to either: (1) file a voluntary dismissal without prejudice of Doe Defendant No. 2590; or (2) show cause why the Court should not grant Doe's motion to dismiss. Plaintiff shall file its response by November 17, 2011."

The person who filed the motion, pro se, did provide some identifying information (i.e., a purported name and address). However, neither that information nor any other information provided in the motion was provided under penalty of perjury. So, no purportedly factual information in that motion can be accepted as fact by the Court. We do not know if the person filing the motion is really a potential defendant in this or any other case.

In this regard, **the person who filed the motion claiming to be Doe 2590 is not Doe 2590**.

As shown by Exhibit A to the Complaint, as confirmed in the Declaration of Jon Nicolini (Dkt. No. 5-1), **the IP address associated with Doe 2590 is 99.99.87.225, and the ISP for that IP address is SBC Internet Services**.

> "Exhibit A lists on a Defendant-by-Defendant basis (one Defendant per row) the IP address associated with each Defendant, the identity of the ISP associated with the IP address, the date and time (the Timestamp referred to earlier) that the infringement by that Defendant was last observed, and the software protocol used by the Defendant in infringing the Work, the title of which, along with its copyright registration number, is set forth on the first page of Exhibit A."

Repeatedly throughout the motion of Dkt. No. 22, the ISP is identified as Comcast Cable. As indicated above, Comcast Cable is **not** the ISP for potential defendant Doe 2590, and Plaintiff did **not** issue a subpoena to Comcast Cable with respect to potential defendant Doe 2590.

Unfortunately, the filer did not provide an IP address to cross-check which potential Doe defendant the Movant might be, presuming only for the sake of argument that the limited identifying information provided by the Movant is true.

So, dismissing Doe 2590 from this case at this time makes no sense. The wrong potential defendant would likely be dismissed, and, if Movant really is a potential defendant, Movant would still be in the case.

Even if at some point Movant provides a correct IP address, Plaintiff should be allowed to obtain the information the ISPs in the normal order so that there is someone who can corroborate the link between the respective IP address/Timestamp combination listed in Exhibit A and the subscribers identified by the ISPs. Stated another way, if any person could "volunteer" that he or she is Doe X, when that person is an imposter, then Plaintiff would be forced into prosecuting cases that would obviously be impossible to prove. This, of course, is something copyright pirates would really enjoy.

So, with respect to putative Doe 2590, and with respect to any other Doe defendant that Movant would purport to be, we still are in the preliminary stage, and we will not be out of it until Movant's actual name, address and other requested identifying information, associated with the correct IP address/Timestamp combination, are provided to Plaintiff **by the ISP**.

II.  ANY CONTENTION BY THIS MOVANT THAT JURISDICTION OR VENUE IS IMPROPER IS BASELESS

Movant contends at paragraph 5 that this Court "lacks jurisdiction over any Does." This is ironic since the limited identifying information provided by the Movant indicates that Movant is a resident of Contra Costa County, California, which is right in this District. So, certainly jurisdiction and venue would be indisputably proper with respect to Movant if it turns out that Movant actually is a potential defendant in this case.

III.   **MOVANT'S PROTESTATION ABOUT REPUTATIONAL INJURY**
       **ARE WITHOUT BASIS AT THIS POINT IN THE LITIGATION**

At paragraph 9 of the motion, Movant contends that her reputation and that of her daughter, purportedly a child care provider. What Movant does not state, is that for the address Movant gave the court, records indicate that an adult male, apparently Movant's son-in-law, lives there, too. (Plaintiff's counsel can provide that information to the Court upon the Court's request.) Based on the information WITHHELD by Movant, there is now reason to believe that the adult male may be an infringer, with Movant being vicariously liable for knowingly providing and allowing access to that adult male to the Internet connection. (Of course, we are presuming only for the sake of argument that the Movant is actually a named subscriber of Internet services.)

As indicated above, there is no basis for giving any credence to any statement not given under penalty of perjury. If we were to start granting credence to such statements, the court system would be nothing but a publishing house for fiction. Congress members have apparently falsely denied wrongdoing. See,

>http://www.nola.com/news/index.ssf/2009/08/william_jefferson_verdict_guil.html

>http://articles.cnn.com/2002-04-11/justice/traficant.trial_1_traficant-guilty-verdict-bribery?_s=PM:LAW

If cases were allowed to be prosecuted against such Congress members despite the potential damage to their reputations and despite their denials, it is totally inappropriate to consider dismissing this case against Movant.

Further, Movant cites no case that indicates that purported reputational injury should preclude any Plaintiff from pursuing a good faith case against a defendant. See, Third Degree Films, Inc. v. Does 1-2010, 2011 U.S. Dist. LEXIS 116205, at *9 (N.D. Ind. Oct. 6, 2011), in which the court denied the motion to quash of a university student claiming that the student's reputation would be injured:

> "Doe 26's motion does not make it clear on what grounds he asserts the information is privileged, although he repeatedly mentions that he has a privacy interest in the information and that the risk of harm to his reputation outweighs Third Degree's need for the information. Doe 26 supports his position by arguing that the risk he was not the individual who violated the copyright is heightened

because of his proximity to others in the college dormitory and someone else may have connected to his router and used his IP address to access the video. Doe 26 has not referred the court to any cases showing that a subpoena may be quashed because of the risk of harm to one's reputation, nor has Doe 26 established that he has a privacy interest in the requested information."

IV. <u>MOVANT'S PROTESTATION ABOUT THE PURPORTED DIFFICULTY OF PLAINTIFF'S CASE IS WITHOUT BASIS AT THIS STAGE OF THE LITIGATION</u>

In paragraphs 9 and 10 of the motion, Movant asserts that Plaintiff would have difficulty proving its case. As indicated above, in pressing that position, Movant may have conveniently omitted the fact that Movant's adult son-in-law lives at the address given by Movant. Also, of course, Movant may not even be a subscriber in this case.

Movant relies on Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure for Movant's position that Plaintiff should be completely refused discovery. But that rule relates to limiting the extent and frequency of discovery, and **not** to completely denying discovery. Presuming for the sake of argument that Movant is a subscriber, at the very least discovery of Movant and the person who apparently is Movant's son-in-law, needs to be taken in this case if Movant, or whoever is the real subscriber, denies liability.

IV. <u>CONCLUSION</u>

Movant, purporting to be defendant Doe 2590, wants this Court to deny Plaintiff the opportunity to make its case, to deny Plaintiff's right to seek justice and compensation as expressly provided in the Constitution and the Copyright Act. Of course, almost all people infringing the rights of others seek to maintain their privacy, and thus even bank robbers who engage in their acts in some of the most public places often wear masks to protect their privacy. In contrast to the hindrances put up by Movant, copyright owners such as Plaintiff need the Court's assistance in pursuing defendants that engage in mass, swarm infringements. Further, as the Court has already noted, having the ISPs provide the requested information promotes litigation efficiency and does not prejudice defendants. As noted before, without the requested identifying information, Plaintiff may be completely denied redress.

For the reasons set forth above, Plaintiff requests that the Court deny the motion of Movant, regardless of what IP addresses Movant with which Movant may claim to be associated.

Respectfully submitted,

Dated:  November 17, 2011

*Ira M. Siegel* (signature)

Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:    310-657-2187
Attorney for Plaintiff Patrick Collins, Inc.

PROOF OF SERVICE

I, Ira M. Siegel, hereby certify that I am a resident of the County of Los Angeles in California; I am over the age of eighteen years and am not a party to the within entitled action; and my business address is 433 N. Camden Drive, Suite 970, Beverly Hills, California 90210. I served a redacted version of the foregoing

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 23) RE PUTATIVE DOE 2590**

on the interested parties in said action by placing a true copy thereof in sealed envelopes addressed as follows:

For Putative defendant Doe 2590:

Bobbie Jean Thomas
542 - 24th Street
Civic Center
Richmond, CA 94804

and depositing each such envelope with United States priority mail postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of November, 2011 at Los Angeles, California.

Ira M. Siegel

Plaintiff's Response To Order To Show Cause Re
Doe 2590-Case No. CV 11-2766 MEJ