IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

PATRICK COLLINS, INC.,
    Plaintiff,

vs.

DOES 1-2590,
    Defendants.

CASE No. CV-11-2766-MEJ

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of PATRICK COLLINS, these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit1 -- and their phone calls, which are persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Ira M. Siegel, is requesting from the ISP the name and other information of the individuals associated with 2590 IP addresses.

However, an IP address cannot be used to establish the identity of a person as ruled on April 29 of 2011 by judge Harold Baker of the central district of Illinois court in the case 2:11-cv-02068-HAB-DGB, VPR INTERNATIONALE vs does 1-1017.

Judge Baker concluded in that case that "Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect" and that "The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment".

### ARGUMENT

Judge Baker gave as an example a recent case of child pornography: 'Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IPsubscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/".

Judge Baker added:"The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment"

Because an IP address cannot reliably be used to identify a person, it is not fair to associate the Does 1-2590 with this case and the court should sever the defendants.

Dated: 11/11/2011      Respectfully submitted,

*s/John Doe*
John Doe
*Pro se*

**FILED**
NOV 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA