IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

PATRICK COLLINS,INC.,                          CASE No. CV-11-2766- MEJ

    Plaintiff,

vs.                                            MOTION TO QUASH OR MODIFY
                                               SUBPOENA

DOES 1-2,590,

    Defendants.

_____/

## MOTION TO QUASH OR MODIFY SUBPOENA

        I received a letter from my ISP regarding a subpoena, which included a copy of
the Order Granting Plaintiff's Explication for Leave to Take Discovery.

        From accounts of previous defendants of Ira M. Siegel, these subpoena
notifications are followed by demand letters. These letters and their phone calls, are the reason
I am filing this motion, and for this reason, I respectfully request that I be allowed to do so
without revealing my personally identifying information.

ARGUMENT

**1)  Plaintiff Has Improperly Joined 2,590 Individual Defendants Based on Entirely
Disparate Alleged Acts**

        The Plaintiff's joinder of 2,590 defendants in this single action is improper and runs the
tremendous risk of creating unfairness and denying individual justice to those sued. Mass
joinder of individuals has been disapproved by federal courts in both the RIAA cases and

elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access
> was abused by her minor child, while John Doe 2 might share a computer with a
> roommate who infringed Plaintiffs' works. John Does 3 through 203 could be
> thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and
> depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast
> majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)*
(severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against

them must arise from a single transaction or a series of closely related transactions.

Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted
against them jointly, severally or in the alternative with respect to or arising out of the same
transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or
fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three

conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2)

the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences"; **and** (3) there must be a common question of fact or law common to all the

defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the

Internet to commit copyright infringement has been rejected by courts across the country. In

*LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb.

27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each

defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to

commit the exact same violation of the law in exactly the same way. The court explained:

"[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in

this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder.  See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants.  Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-2,590, from the case.

*See* Fed. R. Civ. P. 21.

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

Dated: 11/12/2011                              Respectfully submitted,

Doe #970

*s/John Doe*
John Doe
adoe2766@yahoo.com

*Pro se*


## CERTIFICATE OF SERVICE

I hereby certify that on 11/12/2011, I served a copy of the foregoing document, via US Mail, on:

Law Offices of Ira M. Siegel
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426

1

**CERTIFICATE OF SERVICE**
2   *Use this form to show that a paper or document (other than a complaint) was served (sent or
delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5.
A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

3

4   **Case name:** Patrick Collins,Inc., vs DOES 1-2,590,

5   **Case number:** CV-11-2766-MEJ

6   **What document was served?** *(Write the full name or title of the document or documents, e.g.,
"Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

7

8   Title(s): Motion To Quash or Modify Subpoena

9

10  **How was the document served?** *(Check one.)*
Placed in U. S. Mail
11  ☐ Sent by fax
Hand-delivered
12  ☒ Sent by delivery service (e.g., FedEx or UPS)

13  **To whom was the document sent?** *(Write the full name, address, and fax number of everyone
who was sent the document. Usually, they will be the lawyers for the opposing parties.)*
14

15  Law Offices of Ira M. Siegel

16  433 N. Camden Drive, Suite 970

17  Beverly Hills, California 90210-4426

18

19

20  **When were the documents served?** *(When were they mailed, faxed, or delivered?)*

21  Date: 11/11/2011

22  **Who served the documents?** *(Who put it into the mail, faxed it, hand-delivered it, or sent it by
delivery service? That person should print his/her name and address and sign below.)*
23

24  I declare under penalty of perjury under the laws of the United States of America that the

25  information in this certificate of service is true and correct.

26  Signature: Doe #970

27  Printed name: John Doe

28  Address: adoe2766@yahoo.com

CERTIFICATE OF SERVICE [VLSP TEMPLATE]