November 9, 2011

Clerk's Office
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: Patrick Collins, Inc. v. Does 1-2590
       Northern District of CA Case # 11-cv-02766 (MEJ)
       I.P. Address of the John Doe Defendant: 108.41.7.56

Dear Sir/Madam:

   I am one of the defendants in the above referenced matter. My IP address is
108.41.7.56.

   Enclosed please find a motion to dismiss and in the alternative, issue a protective
order, quashing the subpoena and a motion to proceed anonymously.

          Sincerely,

          John Doe Defendant
          IP Address - 108.41.7.56

1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
---------------------------------------------------------------------X Case No. C 11-2766 MEJ
Patrick Collins, Inc.,
a California corporation,

|  | Plaintiff, | MOTION TO DISMISS |

AND, IN

THE ALTERNATIVE, TO

ISSUE

v.                                          A PROTECTIVE ORDER,
                                            QUASHING THE

SUBPOENA
DOES 1-2590,                                AND MOTION FOR
LEAVE TO

PROCEED

ANONYMOUSLY__

Defendants.

---------------------------------------------------------------------X

## INTRODUCTION

Defendant Doe (hereinafter "Doe") makes this limited appearance before this Court for the sole purpose of respectfully requesting that the Court dismiss Doe from this litigation, or in the alternative, grant a protective order preventing disclosure of the materials requested by subpoena issued to the Internet Service Provider ("ISP") and quashing the subpoena.

Doe recently received notice from the ISP that it had been served with a subpoena by Plaintiff in connection with the instant case (the "Litigation"). The Subpoena was issued by another Court in a different District. At the same time, Doe was informed for the first time that, as the owner of a given IP address, he is currently identified as a putative defendant in the Litigation. Doe understands that the purpose of the subpoena is to require the ISP to provide Plaintiff with Doe's name and contact information, so that

1

Plaintiff will then be able to substitute Doe's true name in the litigation. Doe is now moving for leave to proceed anonymously, to dismiss the allegations against him, and to issue a protective order and quashing the subpoena. A brief overview of the deficiencies in the Litigation illustrates that the Litigation violates fundamental principles of federal jurisdiction and civil procedure.

In the Litigation, Plaintiff filed a single complaint against 2590 defendants, identified simply as Does 1-2,590. The Complaint alleges that each defendant committed a similar legal violation of copyright infringement by downloading a movie from the Internet; however, the Complaint admits that the Defendants engaged in this conduct separately, independently, at different times, and in different locations. The Defendants are identified only by the IP addresses associated with the computers which allegedly downloaded the information. The Complaint alleges that the owners of the accounts associated with those IP addresses committed the copyright infringement -- even though Plaintiffs have no basis for asserting whether the owner or some other authorized or unauthorized user of the computer or computer network committed the violation. Based on this critical -- and baseless -- assumption, Plaintiffs next sought to learn the identifies of the owners of the IP addresses by requesting the Court to issue subpoenas to internet service providers requiring those ISPs to provide the names of the owners of those IP addresses.

As the arguments set forth herein demonstrate, the instant case is a predatory mass litigation in which Plaintiff has taken unconstitutional shortcuts in violation of the most fundamental principles of the federal courts' procedural safeguards. Accordingly, Doe respectfully requests that the Court dismiss Doe from the Litigation, or at the very lease

issue a protective order preventing disclosure of information about Doe requested in the subpoena and quashing the subpoena.

**I.     The Court Should Allow John Doe to Proceed Anonymously.**

As an initial matter, Doe respectfully requests that he be permitted to proceed anonymously in filing this motion. The only way for defendant John Doe to protect his rights by way of these motions without identifying himself by name is to proceed anonymously. *See 2The Mart.com*, 140 F.Supp.2d at 1095-98; *Best Western Int'l Inc. v. Doe*, No. CV-06-1537, 2006 WL 2091695 at *5 (D. Ariz. July 25, 2006). Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoena. In other words, quashing the subpoena while requiring defendant John Doe to proceed in his own name would entirely defeat the purpose of the motion to quash. Accordingly, Doe respectfully requests that the Court permit him to proceed anonymously.

**II.    The Complaint Should Be Dismissed because the Venue Is Not Proper in this District.**

Venue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a), which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). *Nu Image, Inc. v. Does 1-23,322*, District of Columbia 11-cv-2021 (7/29/2011). In *Nu Image*, the United States District Court for the District of Columbia dismissed the plaintiff's complaint based on the reasoning that only 84 defendants out of the more than 23,000 resided in DC. The Court held that:

> It is worth noting here that Plaintiff's counsel has brought similar copyright infringement suits before this Court, and has asserted in each that venue is proper within this District

3

under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).1 However, when copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under section 1391(b), the general venue statute, when section 1400(a) is the exclusive venue statute for copyright infringement actions. As described in the Court's prior order, venue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a), which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). In essence, section 1400(a) requires that every single defendant can be "found here" in order for venue to be proper in this Court.

*Id.* at pages 3-4.

In this case, the Doe Defendant does not reside in the District and as a result the Court should dismiss the Doe defendant from this case.

## III.    The Complaint Should Be Dismissed Because The Court Does Not Have Personal Jurisdiction over the Defendant.

This Court cannot consider this case unless it has personal jurisdiction over Defendant Doe, and the Plaintiff has failed to meet its burden of establishing that such jurisdiction exists. Generally, the law recognizes that a plaintiff can sue a defendant only in a jurisdiction with which the defendant has a connection, and the plaintiff bears the burden of proving that a constitutionally-sufficient connection exists. This requirement "gives [ ] a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where the conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff has not met this burden in its Complaint. The Complaint asserts a single piece of identifying information about Doe; his IP address. Nonetheless, upon minimal

4

investigation, this single piece of information is sufficient to establish that personal jurisdiction over Doe does not exist in this state. Armed with an IP address, identifying the home state of Doe is very ease. There are numerous publically available websites where any member of the public, including Plaintiff, can conduct a search based on an IP address and produce results identifying the general location of the user, including city and state. For example, a quick search of Doe's IP address on www.ip2location.com reveals that the IP address associated with Doe's computer is physically located in New York. Thus, Doe's IP address -- the only identifying feature of Doe asserted in the Complaint -- establishes that Doe does not reside in this District.

Moreover, Plaintiff fails to identify any other purported contacts that Doe may have with this District, let alone contacts sufficient to satisfy the constitutional minimum contacts threshold. Importantly, there is no such thing as generalized Internet jurisdiction. Plaintiff appears to suggest that Internet users may be haled into court anywhere their ISP has other customers, and thus (arguably), has significant contacts. This approach runs directly counter to well-settled constitutional principles and prevailing case law. In *GTE New Media Services Inc. v. BellSouth Corp.*, the Court of Appeals for the D.C. Circuit rejected just such as expansive theory of jurisdiction. 199 F.3d 1343 (D.C. Cir. 2000). In that case, plaintiffs asserted that the court had jurisdiction over foreign commercial defendants for the additional reason that they had "entered into an agreement outside of the District with an eye toward attracting Internet users in the District to their websites ... and thereby draw advertisers away from [plaintiff]." *Id.* at 1349. The court observed that there was no evidence of financial harm to the plaintiff in the District and squarely rejected the notion that the ability of a D.C. resident to access

5

and use a website was sufficient to establish personal jurisdiction over the operator of the website. *Id.*

Thus, the fact that the ISP provider supplies service to other people in this District or is otherwise subject to jurisdiction here due to its own minimum contacts does not change the analysis with regard to the actual defendants in this lawsuit. Merely contracting with an ISP (or any other corporation) that happens to have other business in this District does not signify any intent of the customer to interact commercially with anyone in this District. The ISP provider operates offices across the nation; the fact that it provides service in this District cannot be the basis for suing its foreign customers here.

Generally, a defendant can be haled into court in a jurisdiction if that defendant has some sort of connection with the jurisdiction. For example, the D.C. Circuit has found jurisdiction where, unlike here, commercial defendants served customers within the district. In *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511-13 (D.C. Cir. 2002), the court had jurisdiction over defendant brokerage firm where D.C. residents could open brokerage accounts online and use them to buy and sell securities, transmit funds, borrow and pay commissions and interest. Thus, the court noted, "[a]s a result of their electronic interactions, Ameritrade and its District of Columbia customers enter into binding contracts, the customers become owners of valuable securities, and Ameritrade obtains valuable revenue." *Id.* at 512-13. In line with this precedent, in *Arista Records Inc. v. Sakfield Holding Co. .S.L.*, 314 F. Supp.2d 27, 31 (D.D.C. 2004), the court held that the evidence that a District of Columbia resident had subscribed to and used a music-downloading website, which required filing out personal information, agreeing to a license agreement, and downloading and installing proprietary software, was sufficient to

6

establish personal jurisdiction over a nonresident website operator in a copyright infringement action brought by record companies. Unlike these cases, however, in this case defendant Doe is a private individual who has not engaged in any conduct whatsoever directed toward this forum.

Furthermore, the fact that a private individual uploads movies or statements on a file-sharing website which may then be downloaded in the District was insufficient to confer personal jurisdiction. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000).

These decisions are consistent with the general "sliding scale" rules established by courts for determining the proper jurisdiction for suits arising out of Internet activities. Under these "sliding scale" principles, defendants who passively post information on the Internet for others to examine and copy are not subject to personal jurisdiction based on their Internet postings. *ALS Scan, Inc. v. Digital Serv. Consultants*, 293 F.3d 707, 714-15 (4th Cir. 2002). Further down the scale, defendants whose Internet sites are commercially "interactive," meaning that they design and utilize their websites for the purpose of engaging in business transactions, are subject to being sued in any state in which a substantial number of business transactions occur. *Id.* In general, the greater the degree of commercial interactivity along this continuum, the greater a defendant's liability for suit in a foreign jurisdiction. *Id.* Thus, the Fourth Circuit found that there was no personal jurisdiction over a nonresident ISP in a copyright infringement action brought by the owner of photographs against the ISP and its customer who had allegedly published the copyright-protected photographs because the ISP's activities of providing bandwidth to the customer and publishing the ISP's own website were merely passive; thus, the ISP

did not direct its electronic activity specifically at any target in the district and did not manifest an intent to engage in a business or some other interaction in district. *Id.  See also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999) (maintenance of Internet website accessible to Texas consumers id not support exercise of personal jurisdiction over that defendant); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (no jurisdiction over a Florida corporation which had directed "no commercial activity over the Internet in Arizona … [but only] post[ed] an essentially passive home page on the web"). *Cf.  Neogen Corp. v. Neo Gen Screening*, 282 F.3d 883, 888-89 (6th Cir. 2002) (finding personal jurisdiction where, in addition to other contacts, defendant not only maintained website but provided customers in the district with passwords so they could access confidential test results via that website).

The allegations against Doe in this case do not include claims of commercial interaction with anyone in this District.  Instead, Plaintiff simply alleges that Doe (and the other defendants in this case) used a generally-available software program to upload and download bits of copyrighted material via the Internet, just as any passive website owner or participant in a message board discussion might upload and download to and from the Internet.  The mere possibility that someone in this District might access data uploaded from Doe's computer is not a constitutionally sufficient basis for subjecting Doe to suit here, where he has done nothing to direct his conduct to this jurisdiction.

In short, requiring New York resident Doe to litigate in this District creates exactly the sort of hardship that the personal jurisdiction requirements exist to prevent.  It requires Doe to hire an attorney from this District, where the Doe has no contacts.  The cost of hiring an attorney from this District even to defend a defendant's identity (let

8

alone the merits of the case) is likely more than the cost of settlement, and possibly even more than the cost of judgment if Doe was found liable for the alleged violation. Before Plaintiff asks this Court to permit that burden to be imposed upon the Defendant, the Court should direct Plaintiff to establish that this Court has jurisdiction over doe. It is clear that no only did Plaintiff improperly sue Doe in this District, bust also brought suit against hundreds of other defendants in an apparent effort to force all defendants to incur the expense and burden of defending themselves in a foreign District, or forcing them to settle in order to avoid that expense.

Upholding Plaintiff's claims would require proceeding on a theory that the Court may exercise personal jurisdiction over any person across the country, or even the world, so long as the alleged claim involves Internet use. Federal courts have soundly, and quite correctly, rejected this type of approach. Plaintiff's attempt should be rejected here, as well. Therefore, the Court should grant Doe's motion to dismiss for lack of jurisdiction, or in the alternative, require Plaintiff to make an evidentiary showing that personal jurisdiction exists over Doe.

## IV.    Plaintiff Has Improperly Joined the Defendants Based on Separate and Different Alleged Acts

Plaintiff has improperly joined numerous defendants together in this lawsuit, without sufficient basis. Federal Rule 20 permits joinder of defendants when a two pronged test is met: (1) any right to relief is asserted against defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. At most, Plaintiffs here allege a

9

single common question of law in that defendants are alleged to have committed similar copyright violations. However, Plaintiffs have not, and cannot, allege that any right to relief is asserted jointly or severally, or that the violations arise out of the same series of transactions, or that the first prong is satisfied in any manner whatsoever. Accordingly, the allegations in the Complaint are plainly insufficient to satisfy the Rule 20 standard and Doe respectfully urges the Court to sever his claim.

The claim that joinder is proper based on BitTorrent or other peer-2-peer protocols has been reviewed and almost universally rejected by various Courts. *LaFace Records LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 at 1 (rejecting Plaintiff's argument that copyright infringement claims did not arise out of the same transaction, occurrence, or series of transactions ... because each defendant used the same ISP as well as the same P2P networks); *see also Interscope Records v. Does 1025*, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although defendants were alleged to have disseminated the plaintiffs' copyright works through the same P2P network); *Elektra Entertainment Group, Inc. v. Does 1-9*, 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the plaintiff's copyright infringement claims were logically related for purposes of Rule 20(a)(2)); *Fonovisa, Inc. v. Does 1-9*, 2008 U.S. Dist. LEXIS 27170, 2008 WL 919701 (finding joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence a showing of any evidence showing joint action by defendants, other than their use of the same P2P network to access copyrighted recordings); *Hard Drive Productions, Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319 (holding joinder of Doe Defendants improper based on alleged use on

10

Bit torrent protocols; *Diabolic Video Productions v. Does 1-2,099*, 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (held that the nature of the Bit Torrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. *IO Group v. Does 1-19*, 2010 U.S. Dist. LEXIS 133717, \*8-9 (N.D. Cal. Dec. 7, 2010). (Holding that the "only factual allegation connecting the defendants" - the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work -- was insufficient for joinder of multiple defendants under Rule 20.); *IO Group, Inc. v. Does 1-435*, 2011 U.S. Dist. LEXIS 13123, \*15-16 (N.D. Cal. Feb. 3, 2011). *Lightspeed v. Does 1-1,000*, 2011 U.S. Dist. LEXIS 35392 (N.D. Ill. March 31, 2011) (plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed defendants because of improper joinder.); *Boy Racer v. Does 1-71*, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (Severed for improper joinder based on peer-to-peer architecture identical to BitTorrent protocols); *Boy Racer v. Does 1-52*, 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (same)."

Mass joinder of individuals has been roundly rejected by courts in similar cases. As a court explained in one such case, even the purported factual and legal similarities in such cases are insufficient to satisfy the second prong of the Rule 20 test:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.... Wholesale litigation of these claims is inappropriate, at lease with respect to a

11

vase majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 963888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Similarly, in *LaFace Records, LLC v. Does 1-38*, the court ordered severance of a lawsuit against thirty-eight defendant where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same alleged violation of the law in exactly the same way. No. 5:07-CV=-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008). Despite these similarities, the court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Id.* This result is clear based on the two-pronged standard of Rule 20, and applies even more strongly here where the second prong -- similar questions of fact and law -- is much weaker than in *LaFace*, and the first prong in similarly unsatisfied.

In fact, improper joinder is so strong in these cases that one court *sua sponte* severed multiple defendants in an action where the only alleged connection between them was the allegation they used the same ISP to conduct copyright infringement. *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006). *See also Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate *sua sponte* recommended severance of multiple defendants in action where only connection between them was alleged use of same ISP and P2P network to engage in copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re*

12

*Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc. et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file sharing); Order Granting in Part and Denying in Part Plaintiff's Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al. v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Nor does the allegation of a similar method for committing the alleged illegal activity create a basis for joinder. In *Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty*, for example, the Second Circuit refused to allow 164 insurance companies to be joined in a single action simply because they allegedly used the same methods to cheat agents, describing that attempted joinder as "a gross abuse of procedure." 497 F.2d 1151, 1154 (2d Cir. 1974). Here, the second prong cannot be satisfied because whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 1-203*, 2004 WL 953888, at *1.

The Court should dismiss the complaint against all the Doe defendants in order to

13

avoid causing prejudice and unfairness to the defendants. *Hard Drive Productions, Inc. v. Does 1-188*, Case Number 3:11-cv-1566, N.D. Cal. Docket No. 26, page 19. That case contains an exhaustive analysis as to why the joinder of multiple defendants in copyright infringement cases is improper. First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn) (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys, and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Second, permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony.

Finally, permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. *Id.* The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings -- a significant burden when, as here, many of the defendants will be appearing *pro se* and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition -- creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable -- with each of the Does having the opportunity to be present and address the court at each case management conference or

14

other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

Thus, Plaintiff's allegations that Defendants committed similar violations based on similar downloading conduct is insufficient to satisfy the "common questions of law or fact" standard of Rule 20's second prong. Moreover, it is undisputed that Plaintiff has not alleged and cannot satisfy the joint and several liability or same transaction requirements of Rule 20's first prong. Therefore, joinder is clearly improper in this case and the Court should sever the claims against each defendant. Fed. R. Civ. P. 21. Specifically, the Court should follow the example of courts in similar cases and maintain this action against Doe 1 only and dismiss the claims against all other defendants without prejudice.

## V.    Defendant Doe Moves this Court to Issue a Protective Order

Although courts have not, as a general matter, recognized the right to quash a subpoena (or issue a protective order concerning a subpoena) issued to a different party, courts have found that, in some cases, movants who are not the subpoena recipients have sufficient standing based on "the nature of the information sought." *See First Indem. Of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Here, Plaintiff seeks to obtain the name and address of the John Doe Defendants. Thus, even though the subpoena is not issued to Doe, the information sought is Doe's personal information, and he clearly has an interest in that information sufficient to confer standing here.

Standing may be found when the movant, though not the subpoena recipient,

15

asserts a "claim of privilege," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975); "has a sufficient privacy interest in the confidentiality of the records sought," *ADL, LLC v. Tirakian*, No. CV 2006-5076(SJF)(MDG), 2007 WL 1834517, at * 2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," *United States v. Nachamie*, 91 F.Supp.2d 552, 558 (S.D.N.Y. 2000). *See also Ariaz-Zeballos v. Tan*, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted); *Ungar v. Palestinian Auth.*, 400 F.Supp.2d 541, 553 (S.D.N.Y. 2005) (standing to quash subpoena where here was an "excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents").

Under Federal Rule of Civil Procedure 26(c), a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed.R.Civ.P. 26(c). It is clear that this mass litigation, including the Subpoena, are pursued solely for the purpose of harassing defendants and forcing them to settle in order to avoid the burden and expense of litigating in a foreign court. Even if this Court decides not to dismiss the litigation, or not to rule on that motion at this stage in the proceedings, the Court should issue a protective order in order to protect Doe form having his identify revealed to plaintiffs so that they may pursue their predatory scheme against him.

Respectfully submitted,

John Doe Defendant
IP Address - Doe "68"

## CERTIFICATION OF SERVICE

I hereby certify that one copy of the within motion papers was sent on this date by

first class mail to the United States District Court for the Northern District of California:

> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, California   94102

I further certify that one copy of same was sent by first class mail on this date to:

> Ira M. Siegel, Cal. State Bar No. 78142
> Law Offices of Ira M. Siegel
> 433 N. Camden Drive, Suite 970
> Beverly Hills, California   90210-4426
> Tel #  310-435-7656
> Attorney for *Plaintiff* - Patrick Collins, Inc.

John Doe, IP Address: 108.41.7.56

By: _____

Dated:  November 9, 2011

17