UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK COLLINS, INC.,  No. C 11-02766 MEJ

    Plaintiff,

v.

DOES 1 - 2,590,

    Defendant

### MOTION AND ARGUMENT TO DISMISS AND QUASH SUBPOENA

Defendant Doe 1036, IP Address 68.11.47.151 (hereinafter "Doe 1036") makes this limited appearance before this Court for the sole purpose of respectfully requesting that the Court dismiss Doe 1036 from this litigation and quash a subpoena issued to Cox Communications ("Cox") that commands Cox, as an Internet Service Provider ("ISP"), produce documents and information relating to Doe 1036's IP Address.

Doe 1036 recently received notice from Cox that it had been served with a subpoena by Plaintiff in connection with this case. The subpoena was issued on a form of the United States District Court for the Northern District of Georgia, which is the headquarters of Cox. With the assistance of an attorney, Doe 1036 determined that she, as the owner of IP Address 68.11.47.151, was a defendant in this case. The subpoena requires Cox to provide Plaintiff with Doe 1036's name, address, telephone numbers and email address, thus enabling Plaintiff to substitute Doe 1036's true name in this litigation and/or to contact Doe 1036 for the purpose of pressuring her into paying funds to Plaintiff in exchange for being dismissed from this case and/or released from any and all future claims from Plaintiff. Doe 1036 is requesting that she be allowed to proceed anonymously.

Doe 1036 believes that Plaintiff's case violates fundamental principles of federal jurisdiction, civil procedure and fairness. Although not an attorney, Doe 1036 has received some aid from an attorney and has read postings on the internet, as well as a few court decisions in similar cases and some of the pleadings filed by defendant Does in this and other similar cases. Doe 1036 was particularly impressed with the Motion to Dismiss filed by John Doe IP Address 24.215.237.108 in this case on October 28, 2011, and hereby incorporates its arguments in this pleading. In response to the Motion filed by John Doe IP Address 24.215.237.108, this Court, on November 3, 2011, stated that it appeared to lack jurisdiction and ordered Plaintiff to either file a voluntary dismissal without prejudice or show cause why the Court should not grant the motion to dismiss.

Doe 1036 realizes that she cannot expect this Court to dismiss her from this action merely because she is making the same argument as John Doe IP Address 24.215.237.108. She must independently establish that this Court lacks jurisdiction as to her. She, like John Doe IP Address 24.215.237.108, does not reside in the District or the State of California and does not have any contacts in the District or the State of California. John Doe IP Address 24.215.237.108 stated that he resides in New York. Doe 1036 resides in a state located in the Southeastern United States that is approximately 2,000 miles from the District. Accordingly, this Court lacks jurisdiction over her. Requiring Doe 1036 to litigate in this District creates exactly the type of hardship that the personal jurisdiction requirements exist to prevent. It would require Doe 1036 to hire an attorney from this District, which would generate costs far in excess of any judgment Plaintiff could get against her.

Although the dismissal of Doe 1036 from this case should render the subpoena moot, Doe 1036 urges this Court to quash the subpoena to ensue that Cox will not release her name, address, telephone numbers, email address or any other personal information to Plaintiff. Doe 1036 is

concerned that the appearance of her name in association with this litigation could cause serious harm to her reputation, potentially endangering her employment and adversely affecting her personal relationships. Because Plaintiff is the producer of pornographic films, Doe 1036 is rightfully concerned about the problems that could be caused by her name being show as a defendant in this case. She could be fired by her employer and shunned by her friends. Doe 1036 finds this possibility particularly offensive because she did not at any time download any of Plaintiff's films or any other pornographic films. She was named as a defendant in this case solely on Plaintiff's baseless accusations that she downloaded Plaintiff's copyrighted motion picture "Real Female Orgasms 10." Plaintiff has not presented any evidence that its film "Real Female Orgasms 10" was even downloaded by Doe 1036's IP address, much less by Doe 1036. While it is possible that someone hacked into Doe 1036's computer to download the questionable film in question, Doe 1036 neither downloaded the film nor authorized anyone using her IP Address or computer to download the film.

Based on internet postings about similar cases, Doe 1036 is concerned that if Plaintiff obtains her contact information, Plaintiff and/or its attorney will harass her and put pressure on her to settle out of the case for a sum well in excess of the cost of downloading or purchasing Plaintiff's film. Doe 1036 has read that Does in similar cases have paid settlements ranging from $1,500 to $5,000 out of fear of huge litigation costs and/or concern of damage to their reputations from being named in a case involving pornography. According to a recent internet post, Plaintiff's attorney, Ira Siegel, demands payment of $2,500 in his "scare letters" sent to Does.

As the court may already know, Ira Siegel has filed several other similar cases in the United States District Court for the Northern District of California. An internet posting named the following other cases as being filed by Mr. Siegel: *On The Cheap, LLC dba Tru Filth, LLC v. Does 1 - 5011*

(Case No. 3:11-cv-04472-BZ); *Zero Tolerance Entertainment, Inc. v. Does 1 - 2,943* (Case No. 3:11-cv-02767-EDL); *Discount Video Center, Inc. v. Does 1 - 5,041* (Case No. 5:11-cv-02694-PSG); *SRO Pictures, Inc. v. Does 1 - 3,036* (Case No. 5:11-cv-04397-LB); and *Third Degree Films, Inc. v. Does 1 - 3,577* (Case No. 4-11-cv-02768-LB).

In *On The Cheap, LLC dba Tru Filth, LLC v. Does 1 - 5011*, Judge Zimmerman dismissed all of the Doe defendants in the case except for those who live in the Northern District of California. Judge Zimmerman also commented on the dubious nature of these cases by stating that when a $19.95 porn film is produced *not* for commercial gain, but for the purposes of generating litigation and settlements, it no longer falls under the Constitutional protection of "useful arts," but it amounts to merely a massive collection scheme. Clearly this was never the intent of the copyright laws.

Doe 1036 prays that this Court dismiss her from this case and quash the subpoena issued to Cox Communications by Plaintiff on the ground that this Court lacks jurisdiction over her because she neither resides in California nor has any contacts in California.

Respectfully submitted,

*Doe 1036, IP Address 68.11.47.151*
Doe 1036, IP Address 68.11.47.151

CERTIFICATE OF SERVICE

I, Defendant Doe 1036, IP Address 68.11.47.151, hereby certify that a copy of the attached Motion and Argument to Dismiss and Quash Subpoena was sent to counsel for plaintiff Patrick Collins, Inc. by placing the pleading in an envelope with full postage paid with the United States Postal Service addressed to Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, on the 23rd day of November, 2011.

*Doe 1036, IP Address 68.11.47.151*
Doe 1036, IP Address 68.11.47.151