UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-2,590, <br><br> Defendants. | No. C 11-2766 MEJ <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH (DOE DEFENDANT 970)** <br><br> **Re: Docket No. 45** |

On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

Now before the Court is a Motion to Quash, filed by Doe Defendant 970 requesting that he

be allowed to contest the subpoena without revealing his personal identifying information.[1] Dkt. No. 45. In his motion, the Doe Defendant argues generally that joinder is improper in this case. However, the Court considered the issue of joinder at length in its previous order and found that Plaintiff presented a reasonable basis to argue that the Doe Defendants' actions in this case may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of joinder under Federal Rule of Civil Procedure 20(a). Dkt. No. 12 at 6-11. As the present motion presents the same generalized arguments addressed in its previous order, the Court finds it without merit. Further, the Doe Defendant fails to present any information which might allow the Court to make a determination as to whether joinder is improper as to him specifically, or whether any other grounds for quashing the subpoena exist against him specifically. Accordingly, the present motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[1] Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on the Defendant's motion(s) to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s).