UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC., | No. C 11-2766 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH (IP ADDRESS 75.139.87.233)** |
| v. | |
| DOES 1-2,590, | **Re: Docket No. 70** |
| Defendants. | |

On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

Now before the Court is a Motion to Quash/Dismiss, filed by William Triplett. Dkt. No. 70. In the motion, Mr. Triplett argues that the Court lacks jurisdiction. However, the Court finds that

any motion to dismiss based on jurisdictional grounds is premature. *See, e.g., New Sensations, Inc. v. Does 1-1,745*, 2011 WL 2837610, at *1 (N.D. Cal. Jul. 18, 2011); *Call of the Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). Rule 12(b)(2) permits defendants to move to dismiss for lack of personal jurisdiction. Although the Doe Defendant moves the Court to dismiss the action against him for lack of personal jurisdiction, he is not yet a defendant. If and when Plaintiff names him as a defendant, he will be able to raise this defense. Once Plaintiff amasses enough evidence and names the Does, it will then have the burden to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, the Doe Defendant may present his affidavit asserting that he has never engaged in business with Plaintiff and that his activities with the forum state do not meet the requisite minimum contacts to establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full record. At this time, however, without any named defendants, the motion is not yet ripe. The motion is DENIED WITHOUT PREJUDICE and may be brought again once Plaintiff names the Doe Defendant as a defendant or when the Doe Defendant has identified himself.

**IT IS SO ORDERED.**

Dated: December 5, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PATRICK COLLINS INC,

        Plaintiff,

v.

DOES 1-2590 et al,

        Defendant.

Case Number: CV11-02766 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Triplett
646 South Main St
San Antonio TX 78204

Dated: December 5, 2011

                Richard W. Wieking, Clerk
                By: Brenda Tolbert, Deputy Clerk

3