UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PATRICK COLLINS, INC., | No. C 11-2766 MEJ |
| Plaintiff, | |
| v. | **ORDER RE: JURISDICTION** |
| DOES 1-2,590, | |
| Defendants. | |

### INTRODUCTION

On June 7, 2011, Plaintiff Patrick Collins, Inc. filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. §§ 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. This case is one of several "mass copyright" cases filed in this District on behalf of various plaintiffs against thousands of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the internet. *See, e.g., Berlin Media Art v. Does 1-654*, Case No. 11-3770-JSC; *Boy Racer v. Does 2-52*, Case No. 11-2834-LHK; *Boy Racer v. Does 1-52*, Case No. 11-2329-PSG; *Pacific Century Intel, Ltd. v. Does 1-101*, Case No. 11.2533-DMR; *Pacific Century Intel, Ltd. v. Does 1-129*, Case No. 11-3681-HRL; *MCGIP, LLC v. Does 1-149*, Case No. 11-2331-LB; *Hard Drive Productions, Inc. v. Does 1-188*, Case No. 11-1566-JCS; *Hard Drive Productions, Inc. v. Does 1-118*, Case No. 11-01567-LB.

On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 12. The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45

subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11. Once the ISPs provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

## DISCUSSION

Since granting Plaintiff's request, it has become clear that jurisdiction is likely lacking over many of the Doe Defendants, and that venue is also improper. Several Doe Defendants have filed motions to dismiss and/or quash the subpoena, arguing that they have no connection with California. Although the Court has denied these motions as premature because the defendants have not identified themselves, the Court has subsequently utilized one of many free and publicly available services to look up the locations affiliated with the IP addresses for which Plaintiff seeks discovery. *See Berlin Media Art e.k. v. Does 1-654*, 2011 WL 36383080, at *2 (N.D. Cal. Oct. 18, 2011) (citing *DigiProtect USA Corp. v. Does*, 2011 WL 4444666, at *1 (S.D.N.Y. Sep. 26, 2011) ("[p]ublicly available software provides basic, or at least presumptive, geographic information about IP addresses")). Selecting random IP addresses provided in Exhibit A of the Amended Complaint, the Court gathered the following presumptive geographic data:

Doe 1, IP Address 107.26.5.163, is in Houston, Texas;

Doe 100, IP Address 12.162.178.214, is in Pikeville, Kentucky;

Doe 250, IP Address 173.64.133.93, is in Seattle, Washington;

Doe 500, IP Address 207.98.174.157, is in Charleston, South Carolina;

Doe 600, IP Address 24.177.172.152, is in Madison, Wisconsin;

Doe 1000, IP Address 68.102.20.164, is in Wichita, Kansas;

Doe 1500, IP Address 71.185.211.232, is in New York, New York;

Doe 1900, IP Address 75.118.226.217, is in Cleveland, Ohio; and

Doe 2500, IP Address 98.21.101.153, is in Muncy, Pennsylvania.

These results suggest that this Court lacks personal jurisdiction over the Doe Defendants;

2

indeed, even without investigating the IP addresses, a cursory look at the carriers identified in the complaint suggests personal jurisdiction problems. For example, Exhibit A includes regional ISPs whose very names suggest they are located outside this District, such as Cedar Falls Utilities, Hawaiian Telcom Services Company, and Atlantic Broadband. Dkt. No. 1, Ex. A. For this reason alone, the Court in its discretion could have denied the motion for expedited discovery. *Berlin Media Art*, 2011 WL 36383080, at *3; *DigiProtect USA Corp.*, 2011 WL 4444666 at *2 (a court may deny a request for early discovery if the plaintiff cannot make a prima facie showing of personal jurisdiction).

Further, even if one or more of the unidentified defendants allegedly downloaded the file at some point during the time period in question from a computer located in this District, the Court is not aware of any caselaw that suggests that it has personal jurisdiction over all 2,590 Defendants based on this connection. As one court in this District noted, the logical extension of such an unprecedented holding "would be that everybody who used . . . BitTorrent would subject themselves to jurisdiction in every state." *On The Cheap. LLC v. Does 1–5011*, 2011 WL 4018258 at *4 (N.D. Cal. Sep. 6, 2011). "[T]his is a far cry from the requirement that 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State,' which is the hallmark of specific jurisdiction." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

In its Complaint, Plaintiff states that, "Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District, and/or the acts complained of herein occurred and/or have a significant effect within this District. Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a)." Compl. at 1-2. This conclusory assertion is also insufficient to support venue. First, under the copyright venue provision, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Here, Plaintiff does not and likely cannot allege that each of the 2,590 defendants are found in this District. Thus, venue is not proper under section 1400. Second, in a federal question case venue is proper in a judicial district "in which a

1 substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §

2 1391(b)(2). There is nothing in the Complaint, however, that suggests Plaintiff has a good faith

3 basis for alleging that a substantial part of the events or omissions related to all 2,590 Doe

4 Defendants occurred in this District.

5 In short, all of the available information suggests that this Court does not have personal

6 jurisdiction over at least a large number of Doe Defendants named in this action. Plaintiff might

7 argue that this determination is premature because the individual defendants might own property in

8 California or do a sufficient amount of business here to confer jurisdiction. However, any such

9 argument is unpersuasive. *Berlin Media Art v. Does 1-654*, Case No. 11-3770-JSC, Dkt. No. 15 at

10 2. Moreover, given the ease by which the Court located presumptive geographic data for a random

11 selection of IP Addresses in this case, the Court is troubled that Plaintiff has made no attempt to

12 identify those Doe Defendants for whom it has a good faith belief reside in California. Thus, the

13 Court declines to continue to allow Plaintiff to have various ISPs disclose the sought-after subscriber

14 information when Plaintiff has no good faith basis whatsoever to assert that this Court would have

15 personal jurisdiction over the Doe Defendants. As another court has noted, "there is no justification

16 for dragging into a[] [California] federal court, on a wholesale basis, a host of unnamed defendants

17 over whom person jurisdiction clearly does not exist and-more importantly-as to whom [Plaintiff's]

18 counsel could readily have ascertained that fact." *CP Productions, Inc. v. Does 1-300*, 2011 WL

19 737761, at *1 (N.D. Ill. Feb. 24, 2011). To accept Plaintiff's argument means that a Plaintiff

20 alleging internet copyright infringement may sue hundreds of doe defendants in *any* district in the

21 United States, regardless of where the defendants are likely to reside.

22 Finally, good cause for granting a motion for early discovery may exist "where the need for

23 the expedited discovery, in consideration of the administration of justice, outweighs the prejudice to

24 the responding party." *OpenMind Solutions, Inc. v. Does 1-39*, 2011 WL 4715200, at *2 (N.D. Cal.

25 Oct. 7, 2011 (internal quotations and citation omitted). Where Plaintiff has made no effort to

26 determine jurisdiction, the administration of justice is not served by requiring out-of-state recipients

27 of subpoenas to bring challenges to the subpoenas in far-flung jurisdictions. Further, "[f]rom a

28

4

judicial economy perspective, it makes more sense for Plaintiff to bring its case against these [doe defendants] in the court where they have a good faith belief that venue and personal jurisdiction are attainable and the case can actually be prosecuted." *Nu Image, Inc. v. Does 1-23,322*, 2011 WL 3240562, at *5 (D.D.C. Jul. 29, 2011).

Plaintiff will not suffer any prejudice by merely being required to bring suit in the jurisdiction where it has a good faith belief, based on publicly available information, that the doe defendant resides. Indeed, many plaintiffs with similar cases have done just that. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 WL 4352110, at *3 n. 3 (N.D. Cal. Sep. 16, 2011). Thus, this is not a case where dismissing defendants outside this District deprives Plaintiff of the opportunity to discover the identities of those it contends infringed its copyright.

## CONCLUSION

Based on this analysis, the Court hereby ORDERS as follows:

1) Plaintiff shall conduct a search to obtain geographic information about the IP Addresses listed in its Complaint; and

2) Plaintiff shall thereafter provide, as part of the declaration the Court previously ordered Plaintiff to produce (Dkt. No. 59), the location for each IP Address in its Complaint; and

3) For all IP Addresses outside this District, Plaintiff shall either: (a) file a voluntary dismissal without prejudice as to those Doe Defendants; or (b) show good cause as to why it has a good faith belief that jurisdiction exists and venue is proper as to each individual Doe Defendant. General arguments such as those discussed above will not suffice. Plaintiff must make a specific showing as to each Doe Defendant as to why it has a good faith belief that jurisdiction and venue are proper.

The deadline for filing the declaration is hereby extended to December 14, 2011. Upon receipt of Plaintiff's declaration, the Court shall issue an order detailing how this case shall proceed. Until the Court issues its further order, Plaintiff is hereby ORDERED not to send any further settlement demand letters. As to any Doe Defendants to whom Plaintiff has already sent a settlement demand

letter, the Court ORDERS Plaintiff to provide a copy of this Order to said Doe Defendants by December 14, 2011, and inform them in a cover letter that they need not comply with the demand letter, pending resolution of the jurisdiction and venue issues addressed herein. Any settlement reached on or after the date of this Order will not be effective.

**IT IS SO ORDERED.**

Dated: December 7, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge