**FILED**

DEC - 9 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Patrick Collins, Inc., | CASE No. CV-11-2766 MEJ |
| Plaintiff, | |
| vs. | MOTION TO QUASH |
| DOES 1-2590, | |
| Defendants. | |

## MOTION TO QUASH OR MODIFY SUBPOENA

1. I received a letter from my ISP service company regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

2. Pursuant to Fed. R. Civ. P. 45 ©(3)(A), DOE 2580 files this Motion to Quash Subpoena served upon Verizon Internet Services, Legal Compliance, because the subpoena requires the disclosure of protected information and subjects DOE 2580 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE's 2580 to alleged infringing activity.

3. Plaintiff filed suit in the United States District of New Jersey and in the United States District Court for Northern District of California (Civil Action No. CV-11-2766-MEJ) against 2590 unnamed DOE defendants, who are identified in the complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

4. Verizon Internet Services is a national internet service provider (ISP) that

provides internet service to its customers throughout the United States of America. Plaintiff served a subpoena on the Legal Compliance Department of Verizon Internet Services compelling the disclosure of documents to identify the name, address, telephone number and email address of DOE 2580 so that DOE 2580 could be named as a defendant in Plaintiff's copyright infringement copyright action.

5. DOE 2580 has standing to move to quash the subpoena because it seeks to disclosure of personal identification information considered to be confidential and over which DOE 2580 has personal and proprietary interests. DOE 2580 also has standing to move to quash the subpoena to protect reputational interests. FED. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not subjected to, a subpoena to move to quash the subpoena.

6. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Northern District of California thus lacks jurisdiction over any of the DOES at this point. For this reason, I respectfully request that I be allowed to file this Motion to Quash the Subpoena without revealing my personally identifying information.

7. Plaintiff filed an amended *ex parte* application for "early discovery" so that service of subpoenaes on ISPs such as Verizon to determine the internet subscriber names, addresses and email addresses associated with the IP addresses listed in its Complaint. An amended order was signed on or about September 22, 2011, by Chief United States Magistrate Judge Maria-Elena James of the Northern District of California entered the order permitting service of subpoenas upon ISPs. Chief Magistrate James set a schedule for filing motions to quash either by the ISP or the DOES. This Motion to Quash is timely filed as Verizon Internet Services notified DOE 2580 of the subpoena on December 4, 2011.

8. Plaintiff, Patrick Collins, Inc. complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that IP subscribers are not necessarily copyright infringers... "The infringer might be the subscribed, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of April 29, 2011, VPR Internationale v. DOES 1-1017, No.2:11-CV-02068 (Central District of Illinois)(Judge Harold A. Baker). Judge Baker introduces another instance in which identifying subscribers solely by ISPs may be unreliable. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (In the same fashion as plaintiff sought to extract such information from Verizon Internet Services.) The risk of false identification by ISPs based on internet protocol addresses, is illustrated further by Judge Baker, who describes a raid by Federal agents on a home allegedly linked to child pornography. The identity and location of the subscriber were provided by ISP in the same fashion as Plaintiff seeks to extract such information from Verizon. After the raid revealed no pornography on the family computers, Federal agents eventually learned they raided the wrong home. The downloads of pornography material were traced to a neighbor who had used multiple IP subscribers wifi connections. Id.

3

9. Plaintiff's attorney in *Boy Racer v. DOES 1-52, 5:11-CV-02329-PSG*, admitted to Magistrate Paul Singh Grewal, that an IP address can identify Internet subscribers, "but this does not tell Plaintiff who illegally downloaded Plaintiff works or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscriber's network." In the last two years, tons of thousands of settlement letters have been sent to internet subscribers across the country, demanding a few thousand dollars from them to make federal lawsuits go away.

10. This subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Sypoos v. United States* 181 F.R.D. 224, 226 (W.D.N.Y.1998)("the reach of a subpoena issued pursuant to [FED.R.CIV.P.45] is subject to the general relevancy standard applicable to discovery under [FED.R.CIV.P.26(b)(1).") The information linked to an IP address cannot give you the identify of the infringer. The infringer could have been anybody with a laptop passing within the range of the router, the information sought by Plaintiff is not relevant to the allegations. Moreover, even if the information has some small relevance to the claim, which it does not, discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED.R.CIV.P.26(b)(2)(c)(iii). Plaintiff's request fails that balancing test.

11. With regard to Doe 2580, this defendant specifically has had multiple individuals residing at the subject location throughout the years that Verizon was the ISP. In fact, there have been family members and non-family members alike, who had numerous times

over the years, utilized the internet service at Doe 2580's location. Some of Doe 2580's family members were college students who lived in a dormitory setting, and who gained access to the internet service at Doe 2580's location on a regular and consistent basis. During this time, there were many other college students and their friends who very well could have gained access to the internet service at the subject location while visiting Doe 2580's family member's dormitory. Additionally, there have been many occasions when close neighbors of Doe 2580 asked to utilize Doe 2580's internet service because their internet service was down. All of these situations, as previously described in this paragraph, occurred on multiple occasions throughout the time that Doe 2580 had been a Verizon ISP subscriber. Accordingly, there is no way possible for Plaintiff to accurately identify an alleged infringer.

## LEGAL MEMORANDUM

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Ira M. Siegel, is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include over twenty-thousand defendants in the Northern District of Calfornia alone. Steele Hansmeier (Formerly Steele Law Firm, LLC) also has mass lawsuits in Illinois, including a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. DOES 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. DOES 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In a similar Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. DOES 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. DOES 1-101 case 4:2011cv02533 (severed does 2-101)*
>
> *IO Group, Inc. v. DOES 1-435 case 3:2010cv04382 (severed does 2-435)*
>
> *Diabolic Video Productions, Inc v. DOES 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
>
> *New Sensations, Inc v. DOES 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. DOES 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request

6

for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. DOES 1-52 case 5:2011cv02329 (severed DOES 2-52)*
> *Boy Racer, Inc v. DOES 1-71 case 5:2011cv01958 (severed DOES 2-72)*

## ARGUMENT

### 1) Plaintiff Has Improperly Joined 2,590 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 2,590 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. DOES 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20.

7

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

> (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. DOES 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. DOES 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. DOES 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et*

*al. v. DOES 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. DOES 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. DOES 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining DOES until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since

9

2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the DOE defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these DOE defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" DOES 2-2590, from the case.

*See* Fed. R. Civ. P. 21.

## CONCLUSION

For all of the foregoing reasons, DOE 2580 requests this Court quash the subpoena served on DOE 2580 in this matter and that DOES 1-2590 be severed and dropped from this case.

Dated: 12/6/2011                                  Respectfully submitted,

*s/John DOE 2580*
John DOE 2580

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2011, I served a copy of the foregoing document, via US Mail, on:

    Ira M. Siegel, Esquire
    433 N. Camden Drive
    Suite 970
    Beverly Hills, CA 90210

1  Your name: John Does 2580

2  Address:

3

4  Phone Number:

5

6  E-mail Address:

7  Pro Se

8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Collins, Inc. | Case Number: CV-11-2766 MEJ |
| | **DECLARATION OF** |
| | *[name]* John Doe 2580 |
| Plaintiff(s), | |
| vs. | |
| Does 1-2590 | **IN SUPPORT OF MOTION** |
| | |
| Defendant(s). | |

22   In support of *[write "Plaintiff's" or "Defendant's"][title of motion]*,

23   Motion to Quash or Modify Subpoena

24

25   I, *[name]* Doe 2580

26   declare as follows:

27   ///

DECLARATION OF Doe 2580

CASE NO. CV-11-2766 MEJ          PAGE NO. ___ OF ___  [VLSP TEMPLATE]

*In the first paragraph, explain who you are and how you are connected to the party or events relevant to the lawsuit. If you are the Plaintiff or Defendant, say so here. If you are a witness, say how you are involved.*

1. I am an unidentified Doe defendant in the within matter.

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

*Continue writing facts that support the argument that the Court should grant the motion. Write each fact in a separate paragraph, and number each paragraph. Add additional sheets of paper as necessary. You may only testify to facts or occurrences that you have personal knowledge of or that you personally witnessed. Explain how you know each fact that you know.*

Please refer to the attached Motion and Memo of Law.

DECLARATION OF

CASE NO.     PAGE NO. ___ OF ___ [VLSP TEMPLATE]

*[Insert this page if you need extra space. Make extra copies before you write on it.]*



DECLARATION OF _____

CASE NO. _____                    PAGE NO. ___ OF ___ [VLSP TEMPLATE]

WHEREFORE, I respectfully ask the Court to grant this motion, as well as such other relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on *[date]* December 6, 2011.

Date: 12/6/2011         Signature: _____

                        Printed name: Doe 2580

                        Address: ▇▇▇▇▇▇

                        Phone Number: ▇▇▇▇▇▇

DECLARATION OF ▇▇▇▇▇▇

CASE NO. ▇▇▇▇▇▇        PAGE NO. ▇ OF ▇ [VLSP TEMPLATE]

| | |
|---|---|
| 1 | Your name: John Doe 2580 |
| 2 | Address: |
| 3 | |
| 4 | Phone Number: |
| 5 | E-mail Address: |
| 6 | Pro Se |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Patrick Collins, Inc.

Plaintiff(s),

vs.

Does 1-2590

Defendant(s).

Case Number: CV-11-2766-MEJ

[PROPOSED] ORDER GRANTING

Order Quashing Subpoena

The Court has considered *[write "Plaintiff's" or "Defendant's"]* John Doe 2580 *[title of motion]* to quash or modify a subpoena and the accompanying Declaration(s) of *[names]* John Doe 2580

Finding that good cause exists, the Motion is GRANTED.

IT IS SO ORDERED.

Date: 

*[Judge's signature]* _____

*[Judge's name]*: Maria-Elena James, Chief
United States District/Magistrate Judge

[PROPOSED] ORDER GRANTING                     , CASE NO.                 [VLSP TEMPLATE]