Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:     310-435-7656
Fax:    310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>                              Plaintiff,<br>        v.<br><br>DOES 1-2,590,<br><br>                              Defendants. | No. C 11-2766 MEJ<br><br>**STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**JUDGE:**    **Maria-Elena James**<br>                     Chief Magistrate Judge |

On December 1, 2011 and on December 7, 2011, the Court issued its Orders for a Status Report and a Order to Show Cause (Dkt. Nos. 59 and 77).

In Dkt. No. 59, the Court ordered as follows:

> "If Plaintiff has obtained the Doe Defendant's identifying information, an explanation as to why the defendant has not been named and why no proof of service has been filed, as well as why the Court should not dismiss the defendant pursuant to Federal Rule of Civil Procedure 4(m)"

Plaintiff has been managing this case in reliance on the Court's Order of August 24, 2011 (Dkt. No. 9) that had granted Plaintiff's request for an extension of time with respect to Federal Rule of Civil Procedure 4(m) (Dkt. No. 6).  The bases for Plaintiff's request was, among other things, the time required by the ISPs and Does to do searches and consider options in view of the subpoenas that would be issued (a minimum of about 70 days taking into account service time), and the fact that some ISPs would require additional time to perform searches of their records.

In granting Plaintiff's request, the Court ordered (Dkt. No. 9),

"1.   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the time for Plaintiff to serve defendants with summons and the complaint or amended complaint is extended to 180 days after the Court's ruling on the pending Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference.
"2.   The Case Management Conference shall take place on March 22, 2012 at 10:00 a.m. All case management and ADR deadlines are adjusted accordingly."

Because the Court first granted Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference on August 24, 2011 (Dkt. No. 9), Plaintiff has until February 20, 2012 to serve defendants.

Further in reliance on the Orders granting leave to take early discovery and extending the time to serve defendants, Plaintiff and the ISPs have been incurring substantial expenses in connection with the ISPs' searching their records and sending notices in connection with the subpoenas.

Plaintiff requests that the Court allow the ISPs to complete their production in response to the subpoenas.  Note: In response to the Court's Order of December 7, 2011, Plaintiff provided a copy of that Order to them and requested that they send out no new notices, while continuing to forward to Plaintiff's counsel information regarding Does who had received their notices 30 or more days beforehand.

Plaintiff has also sent a copy of the December 7, 2011 Order to all the potential Doe defendants to whom Plaintiff had previously sent a settlement offer letter, and in a cover letter informed them that until a further order is issued, they are not required to comply with or otherwise respond to Plaintiff's previous letter.

Plaintiff here notes that Plaintiff contends that the Court had been previously been correctly resolving the jurisdiction issues in this case.  Plaintiff will refrain from repeating the arguments it made in its memoranda in Dkt. Nos. 5 and 26 and the holdings that the Court previously made in connection with the jurisdiction issue, other than to say that until a potential Doe defendant is actually named, he, she or it is not being haled into court and, besides having his, her or its name and related information disclosed so that he, she or it may be named in a lawsuit in this or another jurisdiction, suffers no inconvenience or prejudice whatsoever.

1     Attached hereto is Exhibit Q that provides the other information requested by the Court in tabular form.

    The following is a recap of the information:

    All ISPs whose subscribers were listed as Does in this case (99 in all) were served twice with subpoenas.  The first time about one week after the Court's first Order Granting Leave to Take Early Discovery (Dkt. No. 8), and the second time on September 26 or 27, 2011, after the Court's Amended Order Granting Leave to Take Early Discovery (Dkt. No. 12), which was issued because some ISPs had objected because the first Order did not expressly mention 47 U.S.C. §551.

    Taking into account service time, even the early responses from ISPS could not, with few exceptions, be expected before the third week of November.  That is, the ISPs had at least 30 days to give notice to Doe defendants, and then the ISPs had to wait 30 days to see if a Doe brought a motion to quash.

    In addition, many of the major ISPs reported that they needed additional time to search their records in view of the scores, and sometimes hundreds of names for which they had to search.

    Out of the 2,590 Doe defendants, about 380 names and other identifying information (hereinafter referred to collectively as "names" were identified to Plaintiff by ISPs.

    To the extent that names of potential Doe defendants were provided by ISPS, the were provided very shortly before they were ingested into Plaintiff's counsel's records.  As expected, few names were ingested before November, 2011.

    A few names were duplicates. That is, a few Does likely had their IP addresses changed during the period of time that their infringements were detected, so that multiple IP addresses were recorded for them.  Some names were provided by Does themselves or by their counsel in settling claims.  They are among the Does dismissed with prejudice in Dkt. No. 91.  All settlements that were reached  were reached before December 7, 2011.

Some ISPs reported that some or all of the Doe names were no longer in their records (i.e., the timestamp indicated a date that was beyond their normal record keeping retention period).

Based on communications with some major ISPs, namely, Verizon, Comcast, Charter, Cable Vision and Cox, they are expected to make or complete production of the requested information shortly.

As indicated above, Plaintiff's counsel believes information is forthcoming in connection with many potential Doe defendants that are believed to reside in the Northern District.

An amicus brief has been filed by Digital Rights Foundation ("DRF").  See Dkt. No. 84. That brief illustrates the shameless gall of copyright pirates and their defenders.

DRF maliciously and baselessly states,

> "From the beginning, the Plaintiff has intended to omit certain disclosures to the Court in order to exploit and game the judicial system. . . .
> ***
> "Further analysis of the geographical location data of the IP addresses reveal stark revelations that only approximately 29.6% of the 2,590 Does originate from within the State of California, while approximately 70.4% originate outside of California with every other state (including the District of Columbia) represented."

No "gaming" of the system occurred, and DRF has provided no "stark revelation" to the Court.  Plaintiff never contended that all potential Doe defendants reside in the Northern District. In fact, what was stated is this  "On information and belief, more than 1 out of every 4 of the Defendants' IP addresses is physically located in California, and of those, more than 1 out of every 4 is in this judicial district."  See page 5 of Plaintiff's memorandum in Dkt. No. 5.

1  In view of the foregoing, Plaintiff requests that the Court allow the ISPs to comply with the subpoenas, and postpone any requirements that Plaintiff name and/or dismiss any potential Doe defendants until February 20, 2012 pursuant to the Court's Order of August 24, 2011 (Dkt. No. 9).

Respectfully submitted,

Dated:  December 14, 2011

*/s/ Ira M. Siegel*
Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:     310-435-7656
Fax:    310-657-2187
Attorney for Plaintiff Patrick Collins, Inc.