UNITED STATES DISTRICT COURT

Northern District of California

PATRICK COLLINS, INC.,

          Plaintiff,

  v.

DOES 1-2,590,

          Defendants.

                                                                              /

No. C 11-2766 MEJ

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

On December 7, 2011, the Court ordered Plaintiff Patrick Collins, Inc. to conduct a search to obtain geographic information about the IP Addresses listed in its Complaint and thereafter provide the Court with the location for each IP Address. Dkt. No. 77. In addition, for all IP Addresses outside this District, the Court ordered Plaintiff to either: (a) file a voluntary dismissal without prejudice as to those Doe Defendants; or (b) show good cause as to why it has a good faith belief that jurisdiction exists and venue is proper as to each individual Doe Defendant. *Id.*

In response, Plaintiff has now filed a request that the Court (i) allow the ISPs to comply with the subpoenas, (ii) allow Plaintiff and those potential Doe defendants who desire to settle their claims to reach settlements, and (iii) postpone any requirements that Plaintiff name and/or dismiss any potential Doe defendants until February 20, 2012. Dkt. No. 93. Plaintiff's response alleviates none of the Court's concerns. Although the Court initially granted leave for expedited discovery, in the ensuing months, multiple defendants filed motions to quash those subpoenas, raising issues such as innocence, lack of personal jurisdiction, improper joinder, and improper venue. At the same time, a check of the Court's docket disclosed that no defendant had appeared and no proofs of service had been filed. At the same time, the Court became aware of an outbreak of similar

litigation in this District and around the country, and the concerns raised by some of the judges presiding over these cases.

Plaintiff's most recent filing does nothing to show why his matter should not be dismissed

for misjoinder and improper venue. Therefore, for the reasons stated in its December 7, 2011 Order, and having reviewed Plaintiff's response to the Order, the Court finds that the Doe Defendants named in this case are improperly joined. Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE. If Plaintiff chooses to file an amended complaint, it must do so in compliance with the Court's December 7, 2011 Order. Specifically, the Court finds that it is fundamentally unfair to require a defendant from outside this District to incur the substantial costs necessary to file a motion to quash in this District when Plaintiff has the ability to discern in advance which IP addresses are at least likely to be from this District. Accordingly, if it chooses to amend its complaint, Plaintiff must make at least a prima facie showing that the Court has personal jurisdiction over each defendant for whom Plaintiff seeks early discovery and that venue is proper. *See OpenMind Solutions, Inc.*, 2011 WL 4715200 at *2 (granting motion for expedited discovery where, among other things, the plaintiff had alleged sufficient information to show that each defendant was subject to the jurisdiction of the court). General arguments such as those discussed in the Court's December 7 Order will not suffice. Plaintiff must make a specific showing, including geographic information about the IP Addresses in the amended complaint, as to each Doe Defendant. Any such request must include a declaration under penalty of perjury that Plaintiff has taken all reasonable steps to determine that jurisdiction and venue are proper. Said declaration shall include an explanation of all methods it utilized.

Plaintiff shall serve this Order upon all subpoenaed ISPs by December 20, 2011. This Order has no effect on any settlements reached with any Doe Defendant prior to December 7, 2011. However, if Plaintiff receives or has received any settlement amount on or after December 7, Plaintiff shall immediately return the settlement funds.

Any motions to quash and/or dismiss that are pending or will be filed based on the issued subpoenas are moot and shall be automatically terminated by the Clerk of Court pursuant to this Order.

**IT IS SO ORDERED.**

Dated: December 15, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2