1  Ira M. Siegel, Cal. State Bar No. 78142
   email address: irasiegel@earthlink.net
2  LAW OFFICES OF IRA M. SIEGEL
   433 N. Camden Drive, Suite 970
3  Beverly Hills, California 90210-4426
   Tel:    310-435-7656
4  Fax:    310-657-2187

5  Attorney for Patrick Collins, Inc.

**DENIED**
*Judge Maria-Elena James*
(Seal: United States District Court, Northern District of California)

## UNITED STATES DISTRICT COURT

### Northern District of California

### San Francisco Division

| PATRICK COLLINS, INC., | No. C 11-2766 MEJ |
|---|---|
| Plaintiff, | **EX PARTE APPLICATION FOR AMENDED ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| DOES 1-2,590, | **JUDGE:    Maria-Elena James** |
| Defendants. | Chief Magistrate Judge |

On December 15, 2011, the Court issued its Order Dismissing Case Without Prejudice (Dkt. No. 95.)

Plaintiff has returned all settlements received after December 7, 2011 and has served the Order on all previously-subpoenaed ISPs pursuant to that Order.

However, when discussing **NEW** settlements with counsel for Doe defendants, a question has arisen about whether or not Plaintiff may seek any further settlements in connection with the infringements alleged in the Complaint in view of what some say is an open-ended order in lines 19-20 of the Court's December 15, 2011 Order, namely,

> "[I]f Plaintiff receives or has received any settlement amount on or after December 7, Plaintiff shall immediately return the settlement funds."

**In an email received just yesterday (Dec. 21), counsel queried, "was the judge's order (no settlements past 12/7) binding even after the dismissal?"**

Obviously, counsel for Doe defendants may believe it is their duty to assert such an interpretation of this Court's Order in order to attempt to preclude any enforcement against their clients. This, of course, will lead to the litigation of an additional issue. Plaintiff believes that this issue can be avoided, with Doe defendants' counsel's being relieved of any obligation to assert what Plaintiff believes is an incorrect interpretation, with a clarification along the lines of a provision in the Court's order in <u>OpenMind Solutions, Inc. v. Does 1-39</u>, Case No. No. C 11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011), a case that the Court cited in its December 15, 2011 Order in the instant case.[1]

In this regard, Plaintiff believes the Court's December 15, 2011 Order does not foreclose Plaintiff's seeking redress against any Doe defendant provided the Doe defendant is expressly informed that this case has been dismissed without prejudice and that no assertion is made that such Doe is being or will be sued in San Francisco unless Plaintiff believes that Doe to be a resident of this District or has a good faith belief, consistent with Federal Rule of Civil Procedure 11(b), that it can otherwise establish personal jurisdiction over that Doe in this District.

As the Court expressly ordered, Plaintiff may file an amended complaint in this District with respect to any Doe defendant that Plaintiff has a reasonable basis for believing is subject to the personal jurisdiction of this Court.

Plaintiff believes that implicit in the Court's Order is Plaintiff's right to bring a law suit against any Doe defendant, either fictitiously-named or by the Doe defendant's actual name learned by Plaintiff in the course of prosecuting this action, in any other district in which Plaintiff has a reasonable basis for believing that the court therein has personal jurisdiction over such Doe defendant, and further, that Plaintiff may, as in any other case, seek settlement either before or after initiating such a lawsuit. But, as indicated above, counsel have questioned this interpretation.

---

[1] In <u>OpenMinded</u> this Court ordered,
> "8.   IT IS FURTHER ORDERED that should Plaintiff engage in settlement negotiations with any Doe Defendant, it shall not assert that that Doe is being sued in San Francisco, unless Plaintiff believes that Doe to be a resident of this District or has a good faith belief, consistent with Federal Rule of Civil Procedure 11(b), that it can otherwise establish personal jurisdiction over that Doe in this District."

As noted above, a clarification of the Court's December 15, 2011 Order will avoid litigation of its meaning.  Plaintiff requests that the last sentence of the penultimate paragraph of that Order be replaced with,

> "However, if Plaintiff receives or has received any settlement amount on or after December 7, Plaintiff shall immediately return the settlement funds, unless such funds have been received in conformance with the following paragraph,"

and that the following new paragraph be added immediately following that new sentence,

> IT IS FURTHER ORDERED that, going forward, if Plaintiff engages in settlement negotiations with any person or other entity that was a Doe defendant in this case in connection with the infringements alleged in the Complaint, Plaintiff shall (i) inform that Doe defendant that the above-titled case has been dismissed without prejudice, and (ii) not assert that that Doe is being or will be sued in San Francisco unless Plaintiff believes that Doe to be a resident of this District or has a good faith belief, consistent with Federal Rule of Civil Procedure 11(b), that it can otherwise establish personal jurisdiction over that Doe in this District.  Further in this regard, nothing in this Order shall be deemed to preclude Plaintiff from suing, consistent with the Court's ruling above regarding personal jurisdiction, any Doe defendant, either fictitiously-named or by the Doe defendant's actual name learned by Plaintiff in the course of prosecuting this action, in any district.

A Proposed Amended Order Dismissing Case Without Prejudice is submitted herewith.  Except as noted above, it is identical the Court's December 15, 2011 Order.

In view of the foregoing, Plaintiff requests that the Court grant this Ex Parte Application and issue the Amended Order Dismissing Case Without Prejudice as submitted herewith.

Respectfully submitted,

Dated:  December 22, 2011

*/s/ Ira M. Siegel*
Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:    310-657-2187
Attorney for Plaintiff Patrick Collins, Inc.

Plaintiff's motion is denied.  Plaintiff is hereby advised that it may not negotiate any settlements based upon information it received as a result of a subpoena issued in this lawsuit prior to December 7, 2011.

Ex Parte Application for Amended Order
Dismissing Case Without Prejudice-Case No. CV 11-2766 MEJ

3